WILLIAM P. FAIN, plaintiff in error, vs JULIA A. CORNETT, administratrix, &c., defendant in error.

Whenever the question is one of evidence only, and there is room for apprehension that the jury, on account of the ambiguity in the language of the charge, may have been misled in considering and weighing the testimony, it is safest to send the case back for another trial

Trover and new trial, from Gordon county. Tried before Judge TRIPPE, September Term, 1857.

This was an action brought by a son-in-law, against the widow, as administratrix of the father-in-law, for the recovery of certain negroes, which he alleged his father-in-law had given him during his lifetime.

After the close of the testimony, the Court charged the jury, " that if they believed from the evidence that a gift of the negroes had been made by U. D. Cornett, deceased, to the plaintiff, that they should find for the plaintiff; but still, if there was testimony rebutting the proof that a gift of the negroes had been made, they should find for the defendant."

The jury found for the defendant, and the plaintiff moved for a new trial on the following grounds:

Fain vs. Cornett, adm'x.

1st. That the jury found contrary to the evidence.

2d. That the jury found contrary to the law and equity.

3d. That there was no testimony to warrant the finding of the jury.

4th. That the verdict of the jury is strongly and decidedly against the weight of the evidence.

5th. That the Court erred in its charge to the jury, "that if the jury believed from the testimony that a gift of the negroes had been made by U. D. Cornett, deceased, to the plaintiff, that they should find for the plaintiff; but still, if there was testimony rebutting the proof that a gift of the negroes had been made, they should find for the defendant."

The Court refused to grant a new trial, and the plaintiff excepted.

Dabney; and Fain, for plaintiff in error.

Longstreet & Printup, *contra.*

*By the Court.*—Lumpkin J. delivering the opinion.

This was an action brought by a son-in-law, to recover of the widow and legal representative of his father-in-law, a family of negroes, alleged *to* have been given to the plaintiff and his wife, by the defendant's intestate.

Considerable testimony was offered on both sides of this case. The verdict was for the defendant, and there was a motion for a new trial upon two grounds.

First, because the verdict was contrary to evidence; second, on account of the misdirection of the Court in its charge to the jury.

As we intend sending this case back, we forbear to express any opinion upon the proof, as we do not wish to influence the finding of the jury upon the proof, upon the next trial.

The Court charged the jury, that if they "believed from the testimony that a gift of the negroes had been made by

U. D. Cornett," (the father-in-law,) "to the plaintiff, they should find for the plaintiff; but still, if there was testimony rebutting the proof that a gift of the negroes had been made, they should find for the defendant."

The word " rebutting" has a two-fold signification, both in common and legal parlance.   It sometimes means contradictory evidence only; at other times conclusive or overcoming testimony.   It is possible, nay probable, that the Judge, in his charge, intended to use it in the latter sense; and if we were sure he was so understood by the jury, we would not disturb the verdict.   Indeed, had the word *rebutting* but one meaning, we should feel bound to hold that the Judge was properly understood by the jury.   But seeing that it has a more restricted definition and use, viz : countervailing or opposing, as well as overcoming proof, and fearing that the jury might have believed that the Court designed to instruct them that if there was any opposing proof, they should find for the defendant, we feel constrained to send this case back for a re-hearing.

Judgment reversed.