16973.   CENTRAL OF GEORGIA RAILWAY CO. *v.*
BARNETT *et al.*

1. On exceptions to the refusal of a new trial after verdict for damages by homicide of plaintiff's wife, resulting from a collision of a locomotive with an automobile on a crossing of a railroad and a street in a town, *held:*

(*a*) Allegations of negligence on the part of the defendant railroad company in not providing automatic gates or a watchman at the crossing were not specially demurrable, in view of the facts and circumstances alleged in connection. Testimony supporting such allegations was admissible; and it was not error to submit such issue to the jury.

(*b*) It was for the jury to decide whether the failure of the driver of the automobile to look for the approach of the train before reaching the crossing constituted negligence, and to determine the question of proximate cause, and whether the plaintiff by ordinary care could have avoided the consequences of the defendant's negligence as alleged.

(*c*) The court's instruction to the jury as to burden of proof and preponderance of evidence, relatively to the question of negligence, was not error.

(*d*) There was no error in refusing to charge in the language requested, as to a railroad-track being a place of danger, and the obligation of one driving thereon to know of the dangers incident to operation of trains on the track.

2. The complaint that the instruction dealing with comparative negligence put upon the defendant the burden of showing negligence on part of both plaintiffs, one of them being an infant incapable of negligence, is not sustainable.

3. Reading in charge the entire statute known as the blow-post law was not confusing on the ground, as alleged, that parts of it were inapplicable. This did not constitute error requiring a reversal.

4. Where the court charged fully with regard to the driver's (plaintiff's) duty to exercise ordinary care, the instruction that section 4426 of the Civil Code, read to the jury, "applies only where the defendant's negligence became apparent to the person injured, or where by the exercise of ordinary care he could have become aware of it, and he therefore failed to exercise ordinary and reasonable diligence to avoid the consequences of the defendant's negligence," was not subject to the exception that it restricted and confined to the deceased wife of plaintiff the duty of discovering the negligence of the defendant.

5. The court's instruction was not erroneous as argumentative and as

Appeal and Error, 3 C. J. p. 862, n. 21; p. 863, n. 27; 4 C. J. 569, n. 56; p. 871, n. 6.

Deaths, 17 C. J. p. 1314, n. 75.

Evidence, 22 C. J. p. 68, n. 43; p. 686, n. 57.

Negligence, 29 Cyc. p. 561, n. 34; p. 635, n. 8; p. 639, n. 4, 7; p. 645, n. 50.

Railroads, 33 Cyc. p. 1067, n. 79; p. 1053, n. 86; p. 1071, n. 8; p. 1081, n. 81, 82; p. 1102, n. 24; p. 1117, n. 91; p. 1137, n. 23; p. 1139, n. 31.

Trial, 38 Cyc. p. 1650, n. 61; p. 1711, n. 19; p. 1785, n. 89, 90.

unduly stressing the theory that the negligence of the plaintiff, if shown, might not be the proximate cause of the injury.

6. Mortality tables having been admitted in evidence without objection, a correct instruction as to the use of them was no ground of exception.

7. The court having correctly and fully charged on the meaning of the motor-vehicle law of 1921, it was not error to refuse the request for instruction thereon.

8. An irrelevant but harmless statement in testimony was no cause for reversal. A complaint that it was harmful because of language used by counsel in argument to the jury, where no objection or motion was made at the time of the argument, can not be considered.

9. Where the locomotive engineer testified that he could not apply the emergency brake on discovering the automobile, because the service brake had already been applied, it was competent to show, on cross-examination of the defendant's conductor, an experienced trainman, that it would have been possible to avoid the use of the service brake by slackening speed on approaching the crossing, and thereby make the emergency brake available for use.

10. The verdict was authorized by the evidence, and can not be set aside as excessive in amount, no bias or prejudice of the jury being indicated.

DECIDED JUNE 16, 1926.

Damages; from Bulloch superior court—Judge Strange. October 3, 1925.

Application for certiorari was made to the Supreme Court.

*Deal & Renfroe, Howell Cone, A. S. Bradley,* for plaintiff in error.

*R. Lee Moore, Anderson & Jones, Hitch, Denmark & Lovett,* contra.

JENKINS, P. J. This was a suit against a railway company, brought jointly by the husband and the infant child, for the full value of the life of the deceased wife and mother, who was killed by a collision between the defendant's locomotive and an automobile driven by the husband, at a grade crossing in the City of Statesboro, Georgia. The petition alleged: that the defendant company was negligent in approaching the crossing with its cars at an excessive rate of speed, in failing to maintain a lookout while approaching the same, in failing to toll the bell as required by the statute, and in failing to maintain an automatic gate or watchman at the crossing, this being alleged to be negligence in view of the fact that the crossing was one of the principal thoroughfares in a city of 5,000 inhabitants, along which there was a constant stream of traffic on foot and in vehicles, and where the approach to the crossing was obscured by a row of trees, telegraph-poles, telephone-poles, a car-house, and a string of

34

freight-cars lined along an intervening elevated side-track running parallel to the main line. Defendant demurred to the allegations setting forth the last-mentioned ground of negligence, the demurrer was overruled, and exception is taken thereto, and to the admission of testimony supporting this allegation of negligence, and to the charge of the court in submitting such question of negligence to the jury. On the trial of the case the evidence was in sharp conflict upon the questions of fact raised by each of the grounds of negligence set up. The evidence was also in conflict as to the speed with which the automobile approached the crossing, there being some testimony going to show that the plaintiff approached the crossing at a speed greatly in excess of that permitted by law. The plaintiff who drove the car testified that he left a filling-station approximately 375 feet west of the crossing, at a speed of ten or twelve miles per hour, and that as he approached the crossing he retarded the speed of the car until it came almost to a standstill, and that at the time of the collision the automobile was not traveling more than two or three miles per hour. This plaintiff further testified that he was unaware of the approach of the train until just at the instant of the collision; he admitted that he made no effort, prior to reaching the crossing, to look down the track in order to ascertain if a train was approaching.

1. Under the law in force in this State, where damages are proved to have resulted to the plaintiff by the operation of the cars of a defendant railway company, a presumption of negligence arises against the defendant in respect of each of the negligent acts charged, and the plaintiff is entitled to recover the damages proved to have resulted to him on such a prima facie case, unless the defendant shall carry the burden of showing that the damage was done by plaintiff's consent, or was caused by his own negligence, or that the defendant was not actually guilty of the negligence charged, or, if so, that the plaintiff could have avoided its consequences by the exercise of ordinary care after it had or should have become apparent. Even if it be made to appear that the negligence of the plaintiff contributed in some less degree to the injury, he is still entitled to recover, under the doctrine of comparative negligence, in an amount diminished in the proportion of the lesser default attributable to him. Questions of negligence, in-

cluding such questions of comparative negligence, questions as to what negligence constitutes the proximate cause of the injury, and questions as to whether the plaintiff could have avoided the consequences of defendant's negligence by the exercise of ordinary diligence, are such as lie peculiarly within the province of the jury to determine. *L. & N. Railroad Co.* v. *Stafford,* 146 *Ga.* 206 (91 S. E. 29); *Central of Ga. Ry. Co.* v. *Larsen,* 19 *Ga. App.* 413 (91 S. E. 517). While it is true that demurrers to petitions have been properly sustained in cases so palpably plain and indisputable that no interpretation could be reasonably entertained but that the facts set forth divested the plaintiff of a right of action (*Ga. Pacific Ry. Co.* v. *Richardson,* 80 *Ga.* 727, 7 S. E. 119; *Brinson* v. *Davis,* 32 *Ga. App.* 37, 122 S. E. 643), it has nevertheless been stated as a general rule, that "except where a particular act is declared to be negligence, either by statute or by a valid municipal ordinance, the question of what acts do or do not constitute negligence is for determination by the jury, and it is error for the presiding judge to instruct them what ordinary care requires should be done in a particular case." *Atlanta & West Point R. Co.* v. *Hudson,* 123 *Ga.* 108 (51 S. E. 29); *Georgia Ry. & Power Co.* v. *Shaw,* 25 *Ga. App.* 146 (102 S. E. 904); *Davis* v. *Whitcomb,* 30 *Ga. App.* 497 (2) (118 S. E. 488); *Payne* v. *Chambliss,* 27 *Ga. App.* 374 (108 S. E. 472).

(*a*) Under the principles of law set forth above, the court did not err in overruling the special demurrer to the allegations of the petition charging negligence on the part of the defendant in failing to provide automatic gates or a watchman, in view of the particular facts and circumstances alleged in connection therewith, or in admitting the testimony supporting this allegation of negligence, or in submitting such questions of negligence to the jury.

(*b*) The verdict can not be set aside on the ground that it is contrary to law as being without evidence to support it, for the reason that the plaintiff admitted that he did not look for the approach of the train prior to reaching the crossing. Under the rules stated above, it was for the jury to say whether such failure constituted negligence, as well as to determine the question of proximate cause, and the question as to whether the plaintiff could have avoided the consequences of defendant's alleged negligence.

(*c*) The court did not err in charging the jury as follows:

"Now, then, if by the superior weight of the evidence the plaintiffs have established that Mrs. Corinne Patterson Barnett was injured and that as a result of these injuries she died, and that they are entitled to sue for damages consequent thereon, and that these injuries resulted by the running and operation of the train of the defendant railroad company, then they would be entitled to recover, if the injuries were caused directly by the negligence of the railroad company, unless the railroad company carries the burden of establishing to you, not beyond a reasonable doubt, or to a moral and reasonable certainty, but by the superior weight of the evidence, the preponderance of the testimony, that the agents, servants, and employees of the railroad at the time were exercising ordinary care,—that is, were not negligent." Defendant contends that, since the burden of proof rests upon a plaintiff to prove his case before he can recover, it was error to require the defendant to disprove the negligence charged against it, by a preponderance of the evidence, the defendant's contention being that in a case where the testimony upon the question of its negligence is equally balanced, and does not preponderate either one way or the other, the plaintiff carrying the original burden of proof could not recover. Generally the burden of proof is upon the plaintiff, and this original burden remains with him throughout the trial. Thus, whatever it is necessary for the plaintiff to prove as a matter of fact in order to make out a prima facie case must be shown and must continue to be shown, without any shift of the burden, to the satisfaction of the jury, by a preponderance of the testimony throughout the trial; but when, in the opinion of the jury, this burden has been successfully carried, and continues to be carried by a preponderance of the testimony, the statute thereupon imposes upon the defendant the counter-burden of disproving, by a preponderance of the testimony, not the facts proved in order to establish the plaintiff's prima facie case, but the presumption of negligence thus made to arise as a legal consequence of such proof. It is upon these questions relating to its defense, and not upon the issues necessary to plaintiff's prima facie case, that the defendant is required to furnish a preponderance of the evidence. If the defendant, in seeking to comply with the obligation imposed upon it by the statute, submits evidence for the purpose of overcoming the presumption of negligence thus raised against it as a matter of law,

but fails to carry the burden of disproving the negligence charged, and the evidence upon that question fails to preponderate either one way or the other, then the unimpaired presumption would continue to control, and under it the defendant would be liable as if no effort had been made to rebut it. *Ocilla So. Ry. Co.* v. *McInvale*, 26 *Ga. App.* 106 (2) (105 S. E. 451); *G. S. & F. Ry. Co.* v. *Young Investment Co.*, 119 *Ga.* 513 (46 S. E. 644).

(*d*) The error complained of in the twelfth ground of the motion for new trial consists in the failure of the court to charge the jury, as requested in writing by the defendant, that "A railroad-track is a place of danger, and one who goes thereon, or drives thereon a car in which others are seated as passengers, is bound to know that he is going into a place where he and those entrusted to his care are subject to the dangers incident to the operation of trains upon that track, and, no matter where the track is located, any person who goes thereon or drives an automobile thereon is bound to know that he is going upon a place where his presence, and the presence of those riding in his car, would be attended with more or less danger." There was no error in refusing to charge as requested. *Western & Atlantic R. Co.* v. *Jarrett*, 22 *Ga. App.* 313 (4) (96 S. E. 17); *Atlanta & West Point R. Co.* v. *Miller*, 23 *Ga. App.* 347 (98 S. E. 248).

2. There was no error in the charge of the court complained of in grounds 6 and 8 of the motion for new trial. The only complaint made is that the court, in charging upon the exercise of ordinary care by plaintiff, and in dealing with the doctrine of comparative negligence, used the word "plaintiffs" instead of "plaintiff, Roy R. Barnett," plaintiff in error contending that such a charge put upon defendant the burden of showing negligence on the part of both plaintiffs, one of them being an infant incapable of being guilty of negligence. The court correctly charged the jury upon the law of comparative negligence and the duty to exercise ordinary care resting upon the plaintiffs (*Central of Ga. Ry. Co.* v. *Larsen*, supra), and the jury will be taken to have understood the word "plaintiffs' " in the more rational sense of "plaintiff's" (there being no difference in the sound of "plaintiffs' " and "plaintiff's"); and in any event the use of such word was not calculated to mislead the jury, as it was not disputed that R. R. Barnett Sr. drove the car, and there was no evidence or con-

tention with reference to a lack of ordinary care on the part of the five-year-old infant plaintiff. Especially is this true since the court instructed the jury that if the driver of the automobile was violating the statute with regard to the operation of automobiles upon approaching railway crossings, it would amount to negligence per se.

3. The 7th ground of the motion complains of the charge of the court on the so-called blow-post law, the error complained of being that the court charged the entire statute, and that portions of it were inapplicable to the facts in the case on trial. Under the rulings of this court, such a charge was not confusing, in view of the language of the statute itself, and reading it in its entirety does not constitute reversible error. *Georgia R. &c. Co.* v. *Wallis,* 29 *Ga. App.* 706 (116 S. E. 883); *Dixie Mfg. Co.* v. *Ricks,* 30 *Ga. App.* 433 (3) (118 S. E. 452); *Western & Atlantic R. Co.* v. *Mathis,* 32 *Ga. App.* 309 (122 S. E. 818).

4. There was no error in the excerpt from the charge as complained of in the 9th ground of the motion for new trial, the error alleged being that the court read section 4426 of the Civil Code (1910) and stated that it "applies only where defendant's negligence became apparent to the person injured, or where by the exercise of ordinary care he could have become aware of it, and he therefore failed to exercise ordinary and reasonable diligence to avoid the consequences of the defendant's negligence," the error complained of being that the court restricted and confined to the deceased alone the duty of discovering the negligence of the defendant, the contention of the defendant being that the injury was due to the negligence of the plaintiff, the driver of the automobile. Elsewhere in his charge to the jury the court fully instructed the jury with regard to the duty of exercising ordinary care, resting upon the plaintiff. See *Davis* v. *Whitcomb,* 30 *Ga. App.* 497 (15 *b*) (supra).

5. The charge of the court complained of in ground 10 of the motion for a new trial, consisting of an excerpt from the opinion by the Supreme Court in *L. & N. Railroad Co.* v. *Stafford,* 146 *Ga.* 206, 209 (91 S. E. 29), was not erroneous as being argumentative in that it unduly stressed the theory that the negligence of the plaintiff, even if shown, might not be the proximate cause of the injury. The court had previously charged the jury clearly and

fully upon the questions of negligence, contributory negligence, comparative negligence, and proximate cause.

6. Ground 11 of the motion for a new trial complains that the court erred in instructing the jury with reference to the use of mortality tables which had been admitted in evidence without objection from the defendant; it being contended, not that the court charged incorrectly upon this subject, but that the court should not have charged upon it at all. There being evidence tending to show the value of the wife's services, and the tables having been admitted without objection, it can not be said that the instructions to the jury upon the use of such tables, which seem to have been modeled after the instructions formulated in *Florida Central &c. R. Co.* v. *Burney,* 98 *Ga.* 1 (26 S. E. 730), were calculated to confuse the jury. *So. Ry. Co.* v. *Scott,* 128 *Ga.* 244 (57 S. E. 504). Especially is this true when the court instructed the jury that they were not bound by the tables, but they might look to the other evidence to ascertain the plaintiff's damage, and that they would ascertain, under the evidence, the age of the deceased, the annual value of her life, her health, and all the facts and circumstances surrounding her, and determine for themselves her expectancy in years and the damage sustained by the plaintiff, if any.

7. The court fully and correctly charged the jury upon the meaning of the motor-vehicle act of 1921, which requires the driver of the vehicle to have it "at all times . . under immediate control" on approaching or traversing a curve or railroad crossing, as explained by this court in *Central of Ga. Ry. Co.* v. *Burton,* 33 *Ga. App.* 199 (125 S. E. 868). It therefore was not error to refuse the request to charge on this subject.

8. It was not reversible error to permit the plaintiff to testify, over objection of the defendant, "I am not a native of Savannah, but was born in Hagan, Tattnall County, Georgia," such evidence being in itself harmless, even though it may have been irrelevant. The harmfulness of the evidence complained of by the defendant consists in the alleged language used by counsel for the plaintiff in his argument to the jury. It does not appear that the defendant complained of this argument at the time, or that any motion was made for the declaration of a mistrial on account of any alleged improper argument of counsel; and the exception on the ground that such evidence, even though harmless in itself, was harmful

because of such improper argument can not now be considered.

9.   The court did not err in admitting, over the objection of the defendant, the testimony of its conductor, on cross-examination, to the effect that it would have been possible to avoid the use of the service brake on the engine by slackening the speed of the train on approaching the crossing, thereby making the emergency brake available for use.   The witness was an experienced trainman, offered by the defendant, and it was competent for him to testify that if the train had been operated in some way other than that in which it was operated by the engineer, according to his testimony, the emergency brake would have been available. the engineer having testified that he could not apply the emergency brake on discovering the automobile, because the service brake had already been applied.

10.   It is contended in the remaining ground of the motion for a new trial that the verdict should be set aside because it is excessive and is the result of prejudice and bias.   The verdict, while large, is authorized by the evidence, and, having the approval of the trial judge, it will not be set aside on the ground that it is excessive, there being nothing in the record indicative of prejudice or bias on the part of the jury.   *Realty Bond & Mortgage Co.* v. *Harley,* 19 *Ga. App.* 186 (91 S. E. 254).

   *Judgment affirmed. Stephens and Bell, JJ., concur.*