## 20855. MANN *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

DECIDED AUGUST 29, 1931.

*Stanford Arnold, Charles H. Arnall,* for plaintiff.

*Cleveland, Goodrich & Cleveland, Garland M. Jones, A. Sidney Camp,* for defendant.

BELL, J. (After stating the foregoing facts.) Every case of this sort must, in the last analysis, be determined upon its own facts, and we think the instant petition was not fatally defective as

failing to state a cause of action. It sufficiently avers negligence on the part of the defendant, and does not as a matter of law disclose such negligence or want of care on the part of the decedent as to bar a recovery. The defendant, of course, had the right to use its tracks at this crossing and would not be guilty of negligence in the *mere act* of stopping its cars for such length of time as might be reasonably necessary in the conduct of its business, but it still should comply with any valid municipal ordinances or other lawful regulations enacted for the public safety; and regardless of prescribed regulations, it might be true that in particular circumstances due care for the safety of travelers would require the placing of a guard, light, or other warning at a proper point for the purpose of giving notice for the time being that the street was obstructed. *Central of Georgia Ry. Co.* v. *Barnett, 35 Ga. App.* 528 (134 S. E. 126).

But we deem it unnecessary to discuss at length any question as to the negligence of the defendant, since counsel on both sides have directed their arguments mainly to the question of whether it appeared that the decedent's death was due to his own carelessness in failing to observe the freight-car in time to avoid the collision. Nor do we consider as relevant, on the question of the defendant's fault, any of those allegations which were made for the purpose of showing negligence on the part of the defendant in moving the train after the truck had become fastened to the freight-car. There is nothing to indicate that the employees of the railway company should have expected such a condition, or that they had actual knowledge thereof. It is true the petition alleges that the decedent and the man Gates were each calling loudly, and also that the horn upon the truck was making a noise which could have been heard for some distance, but it is not averred that any one of these alarms was in fact heard, or, if so, that its meaning was understood or appreciated as indicating danger to a traveler upon the highway, resulting from the impending movement of the train. Such contact between a truck and a freight-car was so unusual that the servants of the company were not required to anticipate it, and before the plaintiff could treat as negligent the subsequent happenings, it would be necessary to show actual knowledge of the decedent's situation on the part of the defendant or its employees. The petition does not allege more than constructive knowledge upon

this point. *Russell* v. *Central of Georgia Ry. Co.*, 119 *Ga.* 705 (46 S. E. 858); *Andrews* v. *Central R. Co.*, 86 *Ga.* 192 (12 S. E. 213, 10 L. R. A. 58); *Thomas* v. *Georgia Granite Co.*, 140 *Ga.* 459, 460 (79 S. E. 130); *Wick* v. *Central of Georgia Ry. Co.*, 11 *Ga. App.* 323 (75 S. E. 162).

The petition disclosed no negligence on the part of the defendant except in leaving the freight-train as an obstruction in the highway, contrary to municipal ordinance, and in violation of what a jury might regard as a requirement of ordinary care under the circumstances; although, under the allegations made, this negligence, if existing, could be found to be the proximate cause of the decedent's death, since it sufficiently appears that by reason of such negligence he was caught in a position from which he was unable to extricate himself before the truck was dragged away, with the result that he was killed. The case stands before the law in the same light as though the decedent had been killed immediately by the impact between the truck and the freight-car. In other respects the petition fails to show any negligence on the part of the defendant. *Bivins* v. *Tucker,* 41 *Ga. App.* 771 (3), 774 (154 S. E. 820).

The plaintiff relies in part, if not mainly, upon the case of *Central of Georgia Ry. Co.* v. *Heard,* 36 *Ga. App.* 332 (136 S. E. 533), while the defendant insists that the case is controlled by the decisions in *Davis* v. *Brinson,* 32 *Ga. App.* 37 (122 S. E. 643), *Central of Georgia Ry. Co.* v. *Adams,* 39 *Ga. App.* 577 (147 S. E. 802), and *Lane* v. *Gay,* 41 *Ga. App.* 291 (153 S. E. 72); and to the last three might be added the more recent case of *Tidwell* v. *Atlanta, Birmingham & Coast Railroad,* 42 *Ga. App.* 744 (157 S. E. 535), decided since the briefs in the present case were filed.

The *Heard* case, supra, in which the opinion of the court was prepared by the writer, has until the present time stood rather alone, if not lonely, as a precedent, having been cited several times but only to be distinguished. We still think, however, that the decision there rendered was correct as applied to the particular facts. But whether the decision in the *Heard* case is sound or not, we are satisfied that the present case is stronger for the plaintiff, and also that the cases relied on by counsel for the defendant in error do not control the case at bar. In the *Heard* case, and also in each of the other four cases just cited, the decision turned chiefly

upon the question of whether the negligence of the driver should be accounted as the proximate cause of the damage. We can not here decide this question against the plaintiff as a matter of law under the allegations made. The petition shows that the decedent was driving a heavily loaded truck, and that because of a curve and a deep descent in the street, together with an embankment on one side, he was unable to see the freight-car until he was nearly upon it, and that he was then unable to stop the truck in time to avoid the collision. It is said, however, that he ought to have anticipated the approach or presence of a train upon this crossing, with which he was familiar, and that the attendant physical condition constituted no sufficient excuse for his failure to do so. The question is, does the petition show that the plaintiff exercised so little care as to require a ruling, as a matter of law, that his negligence equalled or exceeded the negligence of the defendant, or existed in such degree as to bar a recovery?

The petition alleges, in effect, that on nearing the descent to the crossing the decedent brought his truck to a stop, and that if a train had been approaching or passing over the crossing, he could have seen or heard it, but that the engine had been detached and driven to some distant point, and that the other portions of the train had been left unattended and were standing silently upon the crossing. It may be that if the burden had rested upon the plaintiff in the first place to negative want of care on the part of the decedent, the allegations in this respect would be insufficient for this purpose, but since the failure of the decedent to exercise the proper care was a matter of defense, unless the fact affirmatively appeared from the allegations of the petition (*Atlantic Coast Line R. Co.* v. *Wildman,* 29 *Ga. App.* 745 (3), 116 S. E. 858; *Salmon* v. *Rogers,* 40 *Ga. App.* 73, 77, 149 S. E. 52, and cit.), we think that the averments as to stopping the truck and as to the ability of the decedent then to have become aware of the presence of a train at or near the crossing, if one had been approaching or passing over it, should be given effect as tending to show that he was not so palpably negligent or rash as to prevent a recovery for his death.

As a pleading, the description is not of a motorist driving headlong and smashing into a railroad-train because he was paying no attention. The petition shows that he did exercise some caution, and that he did not fail to observe the obstruction merely because

he *would not,* but that he did see it as soon as it was in the clear range of his vision, and was then unable to stop the truck within the remaining distance. It does not affirmatively appear that he was violating any speed regulation; and even if so, this would not necessarily and as a matter of law preclude a recovery. Ga. L. 1927, p. 226, §§ 11, 19; *Sapp* v. *Elrod,* 41 *Ga. App.* 356 (153 S. E. 73); *Schofield* v. *Hatfield,* 25 *Ga. App.* 513 (103 S. E. 732); *Bibb County* v. *Williams,* 152 *Ga.* 489, 495 (110 S. E. 275); *Louisville & Nashville R. Co.* v. *Stafford,* 146 *Ga.* 206 (91 S. E. 26). Besides the clattering and other noises, a moving train at or about the same location within the municipality would presumably have had its bell ringing and its headlight flaring (Ga. L. 1918, p. 212; Civil Code of 1910, § 2697), and the decedent may have been thrown off his guard by the absence of such manifestations when he stopped at the summit of the hill, a short distance from the crossing. Here was a single track, the main line, remote from any station or yards, and it can not be said as a matter of law that the decedent ought at his peril to have anticipated that he would encounter, without any sort of warning, a standing and abandoned line of freight-cars.

Under the law of this State, it is not negligence per se for one not aware of the approach of a train to fail to stop, look, or listen before attempting to cross a railroad-track (*Tennessee &c. R. Co.* v. *Neely,* 27 *Ga. App.* 491 (2.), 493, 108 S. E. 629; *Davis* v. *Whitcomb,* 30 *Ga. App.* 497 (5), 118 S. E. 488); and while the rulings to this effect have been made usually in cases where trains were approaching public crossings and were not observed in sufficient time by the persons injured, we are unable to perceive that a case of that character is better for the plaintiff than a case in which a person may have been traveling toward a crossing in the assumption that it was clear, and then suddenly discovered that the road was blocked by a standing box-car, which for sufficient reasons he did not observe within time to avoid striking it. If the decedent in the present case had proceeded to the crossing just as he did and then had been struck by an approaching train, instead of finding himself unexpectedly upon a standing box-car, there is but little doubt that this court, on demurrer, would sustain a cause of action, where the other facts were as stated in the petition. See, in this connection, *Georgia R. Co.* v. *Stanley,* 38 *Ga. App.* 773 (145 S. E.

530); *Hadaway* v. *Southern Ry. Co.*, 41 *Ga. App.* 669 (154 S. E. 246); *Southern Ry. Co.* v. *Slaton*, 41 *Ga. App.* 759 (3) (154 S. E. 718); *Central of Georgia Ry. Co.* v. *Larsen*, 19 *Ga. App.* 413 (91 S. E. 517); *Central of Georgia Ry. Co.* v. *Burton*, 33 *Ga. App.* 199 (2) (125 S. E. 868).

"Questions as to diligence and negligence, including contributory negligence [and proximate cause], being questions peculiarly for the jury, the court will decline to solve them on demurrer, except in plain and indisputable cases." ' *Western Union Tel. Co.* v. *Spencer*, 24 *Ga. App.* 471 (101 S. E. 198); *Larkin* v. *Andrews*, 27 *Ga. App.* 685 (109 S. E. 518).

On the question of the extent and effect of any negligence on the part of the decedent in the instant case, the allegations, if proved, would make an issue for determination by a jury; and a cause of action being otherwise stated, the court erred in sustaining the general demurrer and dismissing the petition. See further, in this connection, *Savannah Electric &c. Co.* v. *Nance*, 31 *Ga. App.* 632 (121 S. E. 690); *Davis* v. *Smiley*, 33 *Ga. App.* 508 (2, 3) (126 S. E. 904); *City of Macon* v. *Jones*, 36 *Ga. App.* 799 (138 S. E. 283). The case of *Fraser* v. *Hunter*, 42 *Ga. App.* 329 (156 S. E. 268), is different.

*Judgment reversed. Stephens, J., concurs. Jenkins, P. J., dissents.*