22752. RAPE *v.* TENNESSEE, ALABAMA & GEORGIA RAILWAY.

JENKINS, P. J. Plaintiff's petition alleged that he was a guest in an automobile, and that he sustained an injury by reason of its running into a stationary coal car, painted black, not over three feet high, negligently left standing on a public crossing for an unreasonable length of time, without any safeguard being taken to protect persons using the public highway. It is alleged that the car was left standing in a cut at the foot of a sharp descent or decline in the public highway, with a high embankment on either side of the railroad-track; that the car was being driven at about 7 o'clock at night, and that the lights of the automobile were thrown above the coal car, until the road "dipped sharply" toward the track, "a short distance" therefrom; and that neither the plaintiff nor the driver of the automobile saw the coal car until within ten feet of the crossing, when it was too late to avoid the collision. The defendant filed a general and special demurrer. The 5th ground of special demurrer is to the effect that the allegations as to the height and color of the coal car rendering it not observable under the

lights of the automobile until the machine was "directly upon" the car, for the reason that the lights were cast above the sides of the car in such manner as not to show it, are all conclusions of the pleader, and set forth no issuable facts, and are insufficient to show why the car "could not, should not be, and was not seen" by the driver of the automobile and the plaintiff, in time to have stopped so as to avoid the injury. The court sustained the demurrer without giving the plaintiff opportunity to meet the ground of special demurrer set forth above. *Held:*

1. "Every case of this sort must, in the last analysis, be determined upon its own facts." *Mann* v. *Central of Ga. Ry. Co.*, 43 *Ga. App.* 708, 710 (160 S. E. 131).

2. This case, even more plainly than the *Mann* case, supra, is not one in which a motorist, driving headlong, smashed into a railroad-car because he was paying no attention. Under the allegations of the petition, the lights of the automobile were not projected upon the low coal car, painted black, until a short distance therefrom and until the road dipped "sharply towards said track." Accordingly, it can not be said, as a matter of law, that the injury could have been avoided by the exercise of ordinary care on the part of plaintiff and the driver of the automobile.

3. The defendant, however, was entitled to the information called for by the 5th ground of the special demurrer; since it had the right to know how sharply, how deeply, and for what distance the road dipped toward the track, how far and at what slope the declivity was located with reference to the track, in order to afford it opportunity to disprove the plaintiff's allegation that the lights of the automobile could not disclose the presence of the coal car until a short distance therefrom. Other grounds of the special demurrer are without merit. The judgment sustaining the general and all the special grounds of the demurrer and dismissing the petition is reversed, with the right in the plaintiff to amend his petition in order to meet, if he can, the defects pointed out by the 5th ground of special demurrer.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED MAY 29, 1933.

*John D. & E. S. Taylor, Wright & Covington,* for plaintiff.
*Rosser & Shaw, Maddox, Matthews & Owens,* for defendant.