### 38376. CENTRAL OF GEORGIA RAILWAY COMPANY v. BROWER.

DECIDED SEPTEMBER 7, 1960—REHEARING DENIED SEPTEMBER 28, 1960.

464

*Farkas, Landau & Davis,* for plaintiff in error.

*H. Grady Rawls, D. C. Campbell, Jr., Burt & Burt,* contra.

CARLISLE, Judge. It is so well established in Georgia as to require no citation of authority that questions of negligence and causation are, except in plain, palpable and indisputable cases, solely for decision by the jury, and that such questions will not be decided upon demurrer unless reasonable minds cannot differ. It is equally well established that, unless the defendant can admit every allegation of fact set forth in the petition and still escape liability, a general demurrer ought not to be sustained.

As has been said on numerous occasions, no two cases are exactly alike in the facts which give rise to the cause of action, and in the final analysis every case of this sort must stand on its own facts. *Mann v. Central of Ga. Ry. Co.*, 43 Ga. App. 708, 710 (160 S. E. 131); *Rape v. Tennessee Ala. & Ga. Ry.*, 47 Ga. App. 96 (1) (169 S. E. 764). Accordingly, previous decisions of the appellate courts based on facts varying in different degrees from those before the court can, in the final analysis, serve only as mere guides to what should be the proper decision of the particular case before the court. These factors have led to a long line of decisions involving collisions of motor vehicles with standing or moving trains at railroad crossings, both within municipalities and without municipalities, and have resulted in what seems at first glance to be endless confusion as to what should be the proper decision in any particular case. Nevertheless, a careful analysis of the petition in this case shows that the defendant cannot admit all of the facts pleaded therein to be true and still escape liability.

While it has been held that a railroad has a right to use its crossing and will not be charged with negligence because of the mere act of stopping its train on a crossing for such a length of time as is reasonably necessary in the conduct of its business, or in operating the train slowly and noiselessly over the crossing (*Mann v. Central of Ga. Ry. Co.*, 43 Ga. App. 708, 711, supra), these are not the sole acts of negligence alleged here. It is alleged that the night was dark and foggy, that it was raining and that visibility was materially impaired at the time, and that because of these conditions and the dark color of the pavement and of the car, the car blended with the pavement so as to make it difficult to be seen. The defendant was charged with negligence, in substance, in failing to maintain a red blinker light system at the crossing, the street traversed by the crossing being a heavily traveled throughfare in the City of Albany, and in the absence of such blinker light, with negligence in failing to provide a flagman or watchman or other warning to the plaintiff and to the general public so as to advise them of the presence of the train. The defendant was also charged with negligence in that the defendant's agents and servants in charge

of the train failed to toll a bell, and it is alleged that the plaintiff would have been in position to have heard the bell had it been tolled. These acts of negligence are alleged to have proximately contributed to the plaintiff's injuries, and whether this is so or not is a jury question which this court cannot decide as a matter of law.

It is contended that the petition shows that the plaintiff was guilty of negligence in failing to maintain a proper lookout ahead and that his own negligence in this regard was the sole proximate cause of his injury and damage. The plaintiff alleges that he was keeping "a sharp lookout" and this is alleged as an ultimate fact. Such an allegation does not constitute a conclusion. *Charleston & Western Carolina Ry. Co. v. Lyons,* 5 Ga. App. 668 (2) (63 S. E. 862); *Western & Atlantic R. Co. v. Watkins,* 14 Ga. App. 388 (1) (80 S. E. 916); *Seaboard Air-Line R. Co. v. Stoddard,* 82 Ga. App. 743, 749 (2) (62 S. E. 2d 620). Furthermore, the petition alleges that the plaintiff knew that the defendant operated its trains across said crossing only in the daytime. This allegation is not demurred to and if the plaintiff can prove that he had such knowledge and the basis for it, this fact would perhaps justify his failure, as shown by the petition, to anticipate the presence of a train on the crossing at the particular time. The plaintiff alleges that the visibility of the crossing to the right and left as he approached it was obstructed by houses and shrubbery, and these facts sufficiently show why the plaintiff was unable to see the train to the right or left of the crossing. A plaintiff is not necessarily guilty of such negligence as would bar a recovery for injuries sustained as the result of his running into an obstruction in a highway, as against one negligently obstructing the highway or street, by reason of the mere fact that he operates his automobile along such highway or street at night and at such a speed as would render it impossible for him to stop within the distance illuminated by his headlights. *Bach v. Bragg Bros. &c., Inc.,* 53 Ga. App. 574 (3) (186 S. E. 711); *McDowall Transport, Inc. v. Gault,* 80 Ga. App. 445 (56 S. E. 2d 161). (See especially concurring opinion of Judge Felton beginning on p. 449). This rule holds true whether the night be dark and foggy or whether it be clear and bright.

As we view this case, it is on the facts alleged not substantially distinguishable from the cases of *Central of Ga. Ry. Co. v. Heard*, 36 Ga. App. 332 (136 S. E. 533); *Mann v. Central of Ga. Ry. Co.*, 43 Ga. App. 708, supra; *Southern Ry. Co. v. Lowry*, 59 Ga. App. 109 (200 S. E. 553); and *Savannah &c. Ry. Co. v. Newsome*, 90 Ga. App. 390 (83 S. E. 2d 80). Under the allegations of the petition in this case, the defendant's employees in the operation of the train should have anticipated, in the exercise of ordinary care, that on account of the prevailing weather, the dark condition of the street which tended to blend with the cars of the train, and particularly with the car with which the plaintiff collided, their operation of the train across the thoroughfare without providing some means of warning the public using the thoroughfare of the presence of the train thereon, would create a hazardous obstruction with which one operating an automobile equipped with proper and adequate lights might collide. It follows that the trial court did not err in overruling the general demurrer.

The defendant filed several special demurrers to the petition as originally drawn, but failed to renew them after the petition was amended. These demurrers, therefore, present no question for decision.

In his original petition, the plaintiff alleged that the defendant was negligent in allowing the crossing to be obstructed in excess of five minutes in violation of a cited provision of the City Code of Albany. By amendment the plaintiff set forth the provisions of said code section as follows: "It shall be unlawful for any engineer or conductor or person in charge of any railroad train, cars or engine to obstruct any street crossing within the corporate limits of the city, or its police jurisdiction, for a longer period than five minutes." The defendant filed two special demurrers to the amendment in which it contended that the ordinance does not apply to a moving train, and that if so construed, it would be an attempt to regulate the speed of a train engaged in interstate commerce and to regulate the size of a train engaged in interstate commerce, and that if so construed it would be unreasonable. These grounds of the demurrer do not show how or wherein the ordinance is not applicable to a

moving train or how or wherein, if so construed, it would be unreasonable. Being thus deficient, these grounds are insufficient to present any question for decision by this court as to the applicability of the ordinance to a moving train or as to the unreasonableness of the ordinance. These grounds of demurrer likewise fail to point out how or in what way the attempt to regulate the speed of a train engaged in interstate commerce or the attempt to regulate its size, if such ordinance does these things, renders the pleading of such ordinance as a basis for a recovery in this case subject to demurrer. These grounds of demurrer are, therefore, wholly insufficient to present any question for decision. "It has been held many times that a demurrer, 'being a critic, must itself be free from imperfection.' This is particularly true of a special demurrer, which must point out clearly and specifically the alleged imperfection in the pleading attacked by it. It 'must lay its finger, as it were, upon the very point.' *Alford v. Davis*, 21 Ga. App. 820 (4a) (95 S. E. 313)." *Martin v. Gurley*, 74 Ga. App. 642, 643 (40 S. E. 2d 787).

Neither were these grounds of demurrer sufficient under the above stated rule to raise any question as to the constitutionality of the ordinance as to whether it violates the provisions of the Federal Constitution granting to the Federal Government exclusive power to regulate interstate commerce. " 'In order to raise a question as to the constitutionality of a "law" (*Code* § 2-3005), the statute which the party challenges, and the provision of the Constitution alleged to have been violated, must both be clearly specified, and it must also be shown wherein the statute violates such constitutional provision. . . Since a statute is presumed to be valid and constitutional until the contrary appears, and cannot be lawfully set aside by the courts unless the alleged conflict with the Constitution is plain and palpable, the burden is upon any party who assails it to present his attack in clear and definite terms, in order to call forth judicial action concerning it. In so grave or important a matter as declaring invalid an act of a co-ordinate department of government, the courts will not act upon vague and uncertain charges, and should decline to do so unless and until

a clear and specific contention or question is presented for determination.' *Abel v. State,* 190 Ga. 651 (10 S. E. 2d 198), and cit." *Price v. State,* 202 Ga. 205 (42 S. E. 2d 728).

It follows that the trial court did not err in overruling the general demurrers to the petition and in overruling the special demurrers to paragraph 2 of the amendment.

*Judgment affirmed. Gardner, P. J., Townsend and Frankum, JJ., concur.*