## 38709. GEORGIA, ASHBURN, SYLVESTER & CAMILLA RAILWAY COMPANY v. RUTHERFORD, by Next Friend.

Decided May 24, 1961—Rehearing denied June 14, 1961 and June 27, 1961.

*Ford & Houston, Gibson & Gardner, Sam J. Gardner, Jr.,* for plaintiff in error.

*Farkas, Landau & Davis, Marion Bridges, Edmund A. Landau, Jr.,* contra.

FRANKUM, Judge. ■ As stated in *Central of Georgia Ry. Co. v. Brower,* 102 Ga. App. 462, 464 (116 SE2d 679): "It is so well established in Georgia as to require no citation of authority that questions of negligence and causation are, except in plain, palpable and indisputable cases, solely for decision by the jury, and that such questions will not be decided upon demurrer unless reasonable minds cannot differ. It is equally well established that, unless the defendant can admit every allegation of fact set forth in the petition and still escape liability, a general demurrer ought not to be sustained."

The defendant contends that the petition reveals that the acts of the driver of the vehicle in which the plaintiff was riding were the sole proximate cause of the collision, and because of such

fact this defendant would not be liable to the plaintiff. While it is alleged that such driver knew of the railroad crossing, this fact alone is not sufficient to bar an action by such driver as a plaintiff. *Savannah &c. Ry. Co. v. Newsome*, 90 Ga. App. 390 (83 SE2d 80). Accordingly, it cannot be said that such knowledge would bar an action by a guest passenger. *Atlantic Coast Line R. Co. v. Coxwell*, 93 Ga. App. 159 (91 SE2d 135).

The defendant's next contention is that the plaintiff's petition reveals that such driver, in the exercise of due care, should have seen the defendant's train across the highway in time to bring his vehicle to a stop without colliding with the train. It is alleged that the automobile in which the plaintiff was riding was "proceeding south at a very moderate rate of speed." In the *Brower* case, supra (p. 466), the court stated: "A plaintiff is not necessarily guilty of such negligence as would bar a recovery for injuries sustained as the result of his running into an obstruction in a highway, as against one negligently obstructing the highway or street, by reason of the mere fact that he operates his automobile along such highway or street at night and at such a speed as would render it impossible for him to stop within the distance illuminated by his headlights. *Bach v. Bragg Bros. &c., Inc.*, 53 Ga. App. 574 (3) (186 SE 711); *McDowall Transport, Inc. v. Gault*, 80 Ga. App. 445 (56 SE2d 161)." Consequently, the fact that the driver of the automobile in which the plaintiff was a passenger in the instant case failed to see the train in time to stop within the range of his headlights cannot be said to be the sole proximate cause of the collision *as a matter of law*.

It is our conclusion that the plaintiff does not allege facts in her petition whereby it can be construed to mean that the driver of the vehicle in which the plaintiff was riding could have stopped within the range of his headlights, but even if such be the case, the plaintiff alleged facts to explain or excuse such driver's failure to see the position of the train across the highway. See Judge Felton's special concurrence in *McDowell Transport, Inc. v. Gault*, 80 Ga. App. 445, supra, at page 449, which was approved in *Central of Georgia Ry. Co. v. Brower*, 102 Ga. App. 462, supra. See also *Savannah &c. Ry. Co. v. Newsome*, 90 Ga. App.

390, supra. Such questions are especially for a jury's determination. *Bach v. Bragg Bros. &c., Inc.*, 53 Ga. App. 574, supra; *Central of Ga. Ry. Co. v. Barnett*, 35 Ga. App. 528 (134 SE 126).

Upon reaching the conclusion that the petition does not affirmatively show that an act or failure to act on the part of the driver of the vehicle in which the plaintiff was riding was the sole proximate cause of the collision, we must now determine whether the plaintiff alleged any act or want of action on the part of this defendant to show a breach of duty owed by the defendant to the plaintiff which proximately caused the plaintiff's injury.

The plaintiff alleged that the defendant failed to sound a whistle or ring a bell at the time the train was approaching the crossing to warn motorists approaching the crossing, failed to have a warning light at the crossing, and failed to have a watchman, guard or crew member to warn approaching motorists of the presence of the defendant's train across the highway.

As stated in the *Brower* case, supra (p. 465), "While it has been held that a railroad has a right to use its crossing and will not be charged with negligence because of the mere fact of stopping its train on a crossing for such a length of time as is reasonably necessary in the conduct of its business, or in operating the train slowly and noiselessly over the crossing (*Mann v. Central of Ga. Ry. Co.*, 43 Ga. App. 708, 711, supra), these are not the sole acts of negligence alleged here." The failure to warn motorists who were approaching the railroad crossing by whistle or bell, by appropriate warning light, etc., is the gist of the plaintiff's action. Such failure to warn can support a cause of action. See *Central of Ga. Ry. Co. v. Barnett*, 35 Ga. App. 528, supra.

It was a jury question as to whether the defendant took proper precautions in the exercise of due care to warn motorists approaching the crossing that the highway was obstructed. There are circumstances where due care for the safety of others would require a railroad obstructing a crossing to place a guard, light, or some other warning at a proper point to give notice for the time that the crossing is obstructed." *Savannah &c. Ry. Co. v. Newsome*, 90 Ga. App. 390, 394, supra. In *Georgia Power Co. v. Blum*, 80 Ga. App. 618, 625 (57 SE2d 18), it was held:

"After full consideration, this court is of the opinion that, in all cases where the minds of reasonable persons may disagree as to whether an act alleged to be negligent is in fact negligence, as well as in all cases where reasonable minds may disagree as to whether the negligence alleged concurred with the negligent acts of third persons as a proximate cause, these questions should go to a jury for decision." The petition sufficiently alleged a cause of action under the rulings of *Atlantic Coast Line R. Co. v. Coxwell*, 93 Ga. App. 159, supra; *Atlantic Coast Line R. Co. v. Studdard*, 99 Ga. App. 609 (109 SE2d 523); *Central of Georgia Ry. Co. v. Brower*, 102 Ga. App. 462, supra; *Jones v. Grantham*, 102 Ga. App. 436 (116 SE2d 668); *Central of Georgia Ry. Co. v. Barnett*, 35 Ga. App. 528, supra.

■ Facts pleaded which are introductory to the substance of the complaint and which merely serve to show the history of the case or the surrounding conditions and circumstances where the cause of action arose are allegations of inducement. *Etheridge Motors v. Haynie*, 103 Ga. App. 676. Such allegations do not require the particularity in pleading as do other essential averments setting out the essence of the cause of action. *Yorkshire Ins. Co. v. Cravey*, 102 Ga. App. 591 (117 SE2d 167). See also *American Thread Co. v. Rochester*, 82 Ga. App. 873 (62 SE2d 602); *Whitaker v. Creedon*, 97 Ga. App. 320 (103 SE2d 175); *Hobbs v. Holliman*, 74 Ga. App. 735 (41 SE2d 332); *Rhodes v. Industrial Finance Corp.*, 64 Ga. App. 549 (13 SE2d 883).

The defendant demurred to certain allegations of the plaintiff's petition which alleged "that bushes and trees grew down to the edge of the road," and "that there was sand and dirt on the paved highway near the bottom [of the hill] and on the side of the track from which the automobile was approaching," on the grounds that the defendant does not control these conditions, that such allegations are not ones of negligence chargeable to this defendant, and that the facts are irrelevant to this cause of action. (It is observed by the court that the plaintiff struck the latter allegation from her petition during the trial of the case. Consequently, any error in overruling this demurrer would be rendered harmless.) These allegations

■

serve only to describe the physical, geographical characteristics of the locale where the collision occurred, and accordingly are allegations of inducement to describe the surrounding terrain at the scene of the accident. The court properly overruled these demurrers. See also *Central of Ga. Ry. Co. v. Brower*, 102 Ga. App. 462, supra.

■ The defendant demurred to the allegation that the road in question was "heavily traveled" on the ground that such allegation is irrelevant and immaterial. In *Mann v. Central of Ga. Ry. Co.*, 43 Ga. App. 708 (160 SE 131), it was held: ". . . it might be true that in particular circumstances due care for the safety of travelers would require the placing of a guard, light, or other warning at a proper point for the purpose of giving notice for the time being that the street was obstructed." See also *Central of Ga. Ry. Co. v. Barnett*, 35 Ga. App. 528, supra. This allegation is germane to the question of what precaution the defendant railway company should have taken in the exercise of ordinary care to warn approaching motorists that its train was traversing the public highway and thereby blocking it for vehicular traffic. What might be sufficient and proper warning on a rural dirt road and a busy thoroughfare might be vastly different as to this defendant's exercise of due care for the safety of motorists approaching such crossings. "There are circumstances where due care for the safety of others would require a railroad obstructing a crossing to place a guard, light, or some other warning at a proper point to give notice for the time that the crossing is obstructed." *Savannah &c. Ry. Co. v. Newsome*, 90 Ga. App. 390, supra. As reasonable minds might differ on these questions, they are necessarily for a jury's determination and not for the court, except in clear, palpable, plain, and indisputable cases. *Central of Ga. Ry. Co. v. Barnett*, 35 Ga. App. 528, supra; *Central of Ga. Ry Co. v. Brower*, 102 Ga. App. 462, supra; *Jones v. Grantham*, 102 Ga. App. 436, supra. The trial court did not err in overruling the special demurrer. The remaining grounds of the special demurrer not specifically ruled upon are without merit.

■ Special grounds 4 and 5 of the amended motion for a new trial assign as error the court's charge relative to the duty of

the defendant to sound a whistle when approaching the crossing. The basis of such contention is that the charge was not adjusted to the facts of the case, in that the failure to blow a whistle was not within the proximate cause of the collision after the train engine had reached the crossing. However, under the ruling of *Southern Ry. Co. v. Riley,* 60 Ga. App. 475 (4 SE2d 54), such contention was decided adversely to the defendant. Anything said in *Pollard v. Clifton,* 62 Ga. App. 573 (9 SE2d 782), contrary to the *Riley* case, supra, must yield to the *Riley* case because it is an earlier controlling decision.

Special ground 4 also assigns as error the trial court's charge which would authorize the jury to find the defendant negligent if the defendant's engineer failed to ring a bell as the train approached the crossing.

One allegation of negligence in the petition is that the defendant's engineer failed "to sound a whistle or ring a bell or give other warning to the driver of the automobile in which plaintiff was a passenger of the approach of or presence of said train at the crossing." The court charged that ". . . plaintiff contends that the defendant was negligent in the failure of its employees to blow a whistle or ring a bell, as required by law, . . . [I]f you should find that the defendant railroad was guilty of any negligence at all in one or more of the grounds of negligence alleged . . . and any such negligence . . . proximately contributed to the injuries complained of . . . [T]he plaintiff would be entitled to recover. . ." Movant contends this charge was erroneous and prejudicial to it because, there being no evidence that the collision occurred within the corporate limits of a municipality, no obligation arose, by operation of law, to "ring a bell."

Failure to ring a bell under certain circumstances may constitute negligence in fact (*Atlantic Coast Line R. Co. v. Studdard,* 99 Ga. App. 609 (7), supra), but not negligence *per se* (*Code* § 94-507). If the allegation could be construed to mean that negligence in failing to ring a bell might be considered sufficient in and of itself to justify a verdict in favor of the plaintiff, the charge would have been error under the circumstances because it appears that the engine had already crossed the crossing, to-

gether with 33 cars of the train. If, however, as the plaintiff contends, she did not allege that failure to ring a bell was negligence under all circumstances, but only that failure to give proper warning, either by means of a bell, whistle, watchman, or otherwise, was negligence which proximately caused her injury, then it becomes evident that the charge was error in that it amounted to an instruction to the jury that the defendant was required by law to ring a bell, which is not the case. The jury must have so understood the instruction in view of the fact that under the pleadings, which the jurors had with them, it was obvious that the plaintiff did not *contend* the defendant was required by law to ring a bell, and that the court was in fact instructing them that *to ring a bell* was required by law.

"Whenever the question is one of evidence only, and there is room for apprehension that the jury, on account of the ambiguity in the language of the charge, may have been misled in considering and weighing the testimony, it is safest to send the case back for another trial." *Fain v. Cornett*, 25 Ga. 184. We feel that under the facts of this case this charge, under any reasonable construction, requires a conclusion that it was equal to an instruction to the jury that the engineer of the railroad company's train was required by statutory law to ring a bell upon approaching the crossing even though it was not within the corporate limits of a town, city, or village, and that if he failed to so do, such failure was negligence as a matter of law. The charge was therefore incorrect, without evidence to support it, and prejudicial to the railroad company. Accordingly, the trial court erred in overruling the amended motion for a new trial.

*Judgment reversed. Townsend, P.J., Carlisle and Jordan, JJ., concur.*