39640. SHULER v. SOUTHERN RAILWAY COMPANY.

DECIDED SEPTEMBER 11, 1962.

*Covington, Kilpatrick & Storey, J. S. Kilpatrick, Carl Fredericks,* for plaintiff in error.

*Matthews, Maddox, Walton & Smith, John W. Maddox, Oscar M. Smith,* contra.

FELTON, Chief Judge. The court erred in directing a verdict and in overruling the motion for new trial. The plaintiff testified: that at the time of the collision it was raining pretty hard; that he was traveling at 20 or 25 miles per hour; that he looked

to the west, his right, where he could see a good distance and that when he looked back to the left that was the time of the impact; that the northern side of the track had weeds and bushes all the way up to the road; that he could not see the train until it got right up to the crossing; that the southeast corner was grown up to the road; that there was a hedgerow and a big fence all the way up to the road; that just at the time he got to the crossing and looked to his left that was the time of the impact; that you could hardly see the train very well until you almost got up on the track; that he did not hear any bells ringing prior to his approach to the crossing; that he did not hear a train whistle at the time; that he had crossed the tracks before he had heard whistles and bells before and that he could have heard one if it had been ringing; that he was familiar with the crossing; that the train was in the city limits before the collision; that he could have seen a train coming on his right for a distance of two or three hundred yards; that the bushes which interfered with his vision were a lot higher than a car or about eight feet; that they came all the way up to the street; that they got lower, close to the road; that they were not eight feet high when he got down there; that he knew of all the obstructions that were there; that it was raining hard and he had his car windows closed and his windshield wipers working; that he did not see the train until the moment of the impact; that he could have stopped his car within the length of the car (about 18 feet); that he did not apply his brakes.

H. B. Crews, the engineer on the engine, testified: that he was pulling one car at the time of the collision; that the height of the engine cab above the track is seven or eight feet; that you could see a portion of Watson Street as you approached the crossing; that portion would be 75 or 100 feet before he got around the tree there; that you could not see the other portion because of a tree; that there was one large tree; that it would have taken ten to twenty seconds to pass the tree and see Watson Street; that as he approached the crossing when he first looked up he did not see the car; that when he got closer to the street he glanced up the street and the car was right there, right on them; that he was practically on the crossing

when he saw the car; that he saw the car just before the plaintiff got to it; that when he first saw the plaintiff the plaintiff might have been fifty feet from the crossing; that he applied the brakes the first time he saw plaintiff; that witness was going about twelve to fifteen miles an hour; that after the collision the train went seventy-five to one hundred feet. He testified that he thought he blew the whistle twice but later stated that he made four short blasts of the whistle.

Mr. Joe Copeland, a member of the Rome Police Department testified: that he made an investigation of the collision; that when he got there the train was about 270 feet west of the crossing; that he stepped off the distance; that there was a cross sign there to indicate a railroad crossing but there was no signal like a bell or lights, etc. The engineer, recalled, testified that when his depositions were taken in February, 1960, he stated therein that he did not see the automobile until just about the time we got on the crossing; that the whistle was being blown and the bell was being rung as he approached the crossing. S. M. Barfield, the fireman on the engine at the time of the collision, testified: that the top of the engine was 12 or 15 feet from the ground; that the whistle was blowing and the bell ringing as the train approached the crossing. Mrs. Henry McCool, witness for the defendant, testified: that she lived at 14 Watson Street, Rome, Georgia, in April of 1960, about 75 to 100 feet from the crossing involved; that there were no houses between hers and the crossing; that at the time of the collision she was sitting on the front doorstep; that it was misting rain; that it wasn't raining hard enough to get wet; that it had been showering but at the time it had practically quit; that her doorstep faces the railroad; that she saw the train and plaintiff's car as they approached the crossing; that there were some bushes or shrubbery along the track there but not enough that you could not see the train; that you could see the train because the bushes were so scattered you can see between them; that she heard the whistle blowing and the bell ringing; that she was on the doorstep because the little girls she was keeping heard the whistle blow and they wanted to see the train; that she saw the collision; that she could tell there would be a collision, yelled

that there would be and before she got it said, there was; that the car hit towards the back of the engine; that she didn't think the engineer would see the car approaching because it was too far up the street.

(1) The evidence raised an issue of fact as to whether there was negligence on the part of the defendant by reason of the fact that the train might have been found to have been obscured from the view of the plaintiff (*Atlantic C. L. R. Co. v. Clark*, 93 Ga. App. 278, 91 SE2d 386); and (2) whether the railroad was negligent in not blowing a whistle or ringing a bell (*Southern R. Co. v. Riley*, 60 Ga. App. 475, 4 SE2d 54; *Seaboard Air-Line R. Co. v. Sarman*, 38 Ga. App. 637, 639, 144 SE 810); and (3) whether the railroad was negligent in not having a warning device at the crossing to warn travelers of the approach of a train (*Central of Ga. R. Co. v. Barnett*, 35 Ga. App. 528 (1a), 134 SE 126; *Central of Ga. R. Co. v. Brower*, 102 Ga. App. 462, 465, 116 SE2d 679; *Georgia Northern R. Co. v. Hathcock*, 93 Ga. App. 72 (6) 91 SE2d 145; *Southern R. Co. v. Garland*, 76 Ga. App. 729, 47 SE2d 93, and cases cited at p. 743); and (4) whether the railroad was negligent in approaching the crossing in excess of 15 miles per hour (*Southern R. Co. v. Alexander*, 59 Ga. App. 852 (1), 2 SE2d 219; *Davis v. Whitcomb*, 30 Ga. App. 497 (13c), 118 SE 488). It does not appear from the conflicting testimony on the several issues that the plaintiff is barred from a recovery as a matter of law either because he was guilty of so great negligence in the first instance, or that his negligence was greater than the defendant's or that he should have discovered and avoided the defendant's negligence by the exercise of ordinary care. The issues should have been submitted to a jury.

The court erred in overruling the motion for new trial.

*Judgment reversed. Bell and Hall, JJ., concur.*