### 6909.  ST. LOUIS LIGHTNING ROD CO. *v.* JOHNSON.

The trial court erred in disallowing the proffered amendment, and in thereafter sustaining a general demurrer and dismissing the case.

                       DECIDED MAY 30, 1916.

Complaint; from city court of Thomasville—Judge W. H. Hammond. July 9, 1915.

*Titus, Dekle & Hopkins,* for plaintiff.

*C. E. Hay,* for defendant.

RUSSELL, C. J.  This was a suit upon a promissory note, brought by the St. Louis Lightning Rod Company against L. D. Johnson. The petition as originally filed commenced as follows: "St. Louis Lightning Rod Co. v. L. D. Johnson. In the city court of Thomasville. June term, 1915. Georgia, Thomas county. To the honorable city court of Thomasville. The petition of the plaintiff as named in the caption, which is made a part hereof, respectfully

shows:    (1) That the defendant as above named is a resident of
said county.    (2) That the said defendant is indebted to your pe-
titioner in the following sum," etc.   The remaining paragraphs of
the petition contain the usual and necessary allegations for a suit on
a promissory note.   The defendant demurred to the petition, alleg-
ing that it was fatally defective, in that it did not disclose with
sufficient certainty a party plaintiff and a party defendant.   The
plaintiff thereupon offered an amendment to the caption of his
petition, by adding the word "plaintiff" after the name "St. Louis
Lightning Rod Co.," and the word "defendant" after the name "L.
D. Johnson." The defendant objected to the allowance of this
proffered amendment, on the ground that the petition did not con-
tain enough to amend by, and that the thing which the plaintiff
sought to amend was not a part of the petition or of the "caption,"
as alleged in the amendment.   The court refused the amendment,
and sustained a general demurrer and dismissed the suit.

Under the foregoing statement of facts the questions which it is
necessary to determine in this case are:    (1) Did the following
language constitute the caption of the petition:   "St. Louis Light-
ning Rod Co. v. L. D. Johnson.   In the city court of Thomasville.
June term, 1915.   Georgia, Thomas county," etc?    (2) If this
language did constitute the caption or title of the petition, was it
a part thereof?   Unless the caption was a part of the petition, it
was a nullity, since the proposed amendment was addressed to the
caption only and would not have cured the defect.   As to what the
caption of a legal document includes, Black's Law Dictionary con-
tains the following:   "The caption of a pleading, deposition, or
other paper connected with a case in court is the heading or intro-
ductory clause which shows the name of the parties, name of the
court, number of the docket or calendar," etc.   It seems to be more
or less generally recognized that a petition must contain a title or
caption (the terms being synonymous), and that the title or cap-
tion shall include the name of the court in which the case is to be
tried, the county where the action is brought, and the name of the
parties.   See 6 Standard Enc. Procedure, 645.   The petition under
consideration contained such a caption, setting forth the name of
the parties, the court in which the suit was brought, etc.   The
question as to whether or not the caption was a part of the petition
must be answered in the affirmative, since in the body of the peti-

tion the caption is expressly referred to as such, and expressly made a part thereof; and, so far as we have been able to discover, there is nothing in the Georgia law which prohibits a plaintiff from making a caption or title of a petition a part thereof by an appropriate allegation to that effect in the body of the petition. In 6 Standard Enc. Procedure, p. 645, it is said: "Except when made so by statute, the caption or title is no part of the pleading *unless referred to by appropriate allegation in the body thereof*" (italics ours). The names of the parties to an action must appear either in the caption of the petition or in the body thereof, and when they appear in the caption it is not necessary to repeat the names in the body of the complaint, but they may subsequently be referred to merely as plaintiffs and defendants. See 31 Cyc. 96, and numerous cases there cited. In Chicago & E. R. Co. *v.* Thomas, 147 Ind. 35 (46 N. E. 73), it was held: "It would seem to be sufficient that the names of the parties should be correctly stated in the title of a cause, and that they need not thereafter be referred to in the several paragraphs of the complaint, except generally as plaintiffs and defendants."

From what is above said, and especially in view of the fact that, as remarked by Judge Bleckley in *Murphy* v. *Peabody,* 63 *Ga.* 524, "the rule of amendment is as broad as the doctrine of universal salvation," and that generally in this State amendments, if germane, are allowed as a matter of right, we feel constrained to hold that the trial court erred in disallowing the proffered amendment in this case, which would have cured a purely technical defect in the form of the petition.          *Judgment reversed.*