*Middlebrooks & Pennington,* contra.

---

### 9140.   ALFORD *v.* DAVIS *et al.,* executors.

BROYLES, P. J.   1. Properly construed, the petition in this case set forth a cause of action based upon a breach of a contract, made by the decedent, to compensate the plaintiff, by a legacy in her will, for services rendered to her in her lifetime by the plaintiff, and not a cause of action based upon a quantum meruit for the value of such services.   Under such a construction, the cause of action set forth was not barred by the statute of limitations at the time of the bringing of the suit.   The cause of action arose at the death of the decedent. *Banks* v. *Howard,* 117 *Ga.* 94 (2, 3) (43 S. E. 438); *Gordon* v. *Spellman,* 145 *Ga.* 682 (6) (89 S. E. 749).

2. The petition, construed as a whole, showed that the contract was oral; but as it further showed a full performance thereof on the part of the plaintiff, which was accepted by the other party to the contract, the contract did not fall within the statute of frauds.   Civil Code, § 3223 (2, 3).

3. The petition set forth a cause of action, and was not subject to general demurrer.

4. (*a*) The petition as a whole showing that the alleged contract set up in paragraph 3 thereof was oral, this paragraph was not subject to the special demurrer, which set up that the defendants were entitled to know whether the contract was in writing, and, if so, to have a copy thereof attached to the petition.   That part of the special demurrer to this paragraph which set up that it "is vague and indefinite and sets forth no sufficient facts to make it a part of a cause of action as against these defendants" is itself too "vague and indefinite" to be considered. A demurrer, "being a critic, must itself be free from imperfection." This is particularly true of a special demurrer, as its office is to point out clearly and specifically the alleged imperfection in the pleading attacked by it.   It "must lay its finger, as it were, upon the very point."

(*b*) Paragraph 4 of the petition was not subject to the special ground of demurrer that it stated mere conclusions and was argumentative.

(*c*) In a suit for damages for the breach of an express contract, the plaintiff can not recover upon a quantum meruit. *Moore* v. *Smith,* 121 *Ga.* 479 (49 S. E. 601).   Under this ruling, paragraph 6 of the peti-

tion, which set forth what the services rendered by the plaintiff to the deceased were reasonably worth, was subject to the special demurrer setting up in substance that the allegations of this paragraph were not germane to the plaintiff's cause of action, which was based upon the breach of an express contract, and that the plaintiff was not entitled to recover upon a quantum meruit.

5. From the foregoing rulings it follows that the court properly sustained the special demurrer as to the 6th paragraph of the petition, but erred in sustaining the general demurrer and the remaining grounds of special demurrer, and in dismissing the case. While the special demurrer as to that paragraph was properly sustained, that paragraph was not of such vital importance as to render the striking of the same destructive of the plaintiff's cause of action, and the suit should not have been dismissed. The judgment is accordingly reversed, with direction that the case be reinstated, that paragraph 6 of the petition be stricken, and that the remaining grounds of demurrer, both general and special, be overruled.

*Judgment reversed, with direction. Bloodworth and Harwell, JJ., concur.*

DECIDED MARCH 12, 1918.

Complaint; from Upson superior court—Judge Searcy. July 14, 1917.

The action was by Mayme T. Alford against the executors of Lizzie T. Hannah, deceased. The petition alleges, that the defendants, as executors, are indebted to the plaintiff in the sum of $1,800, by reason of the following facts: (Paragraph 3.) On or about October 1, 1906, the plaintiff, at the solicitation of the said Lizzie T. Hannah, moved into her home for the purpose of looking after and caring for her for the remainder of her life. She was old and feeble, practically an invalid, unable to wait on herself, and without any immediate family or other person to care for her. Plaintiff, from June 1, 1907, to February 6, 1916, the date of her death, administered to all her wants and did everything possible to make her life happy and comfortable, rendering such services as waiting on her, making and mending her clothes and seeing to it that they were properly laundered and returned, making her fires, cleaning her room and keeping it in order, etc. She was helpless, and it was necessary for plaintiff to remain constantly in her room or at her bedside day and night. All of these services were rendered in pursuance of a contract entered into between her and plaintiff on June 1, 1907, whereby she agreed to give plaintiff $2,000, or in lieu thereof the home in which they were then living (described), at her death, as compensation for plaintiff's services in waiting on and caring for her during the

remainder of her life. Plaintiff elected to accept the house and lot or its value at her death in lieu of the $2,000. (Paragraph 4.) Plaintiff has complied fully with the terms of the contract as set forth above, and in good faith, believing all along that the said Lizzie T. Hannah had left a provision in her will directing her executors either to pay the $2,000 or to deed plaintiff the house and lot described above, as she assured plaintiff time and time again, as well as other people, that such a provision had been made in her will, and that the house and lot they were then living in would belong to plaintiff at her death, as compensation for the services rendered her during her lifetime. (Paragraph 5.) The said house and lot were worth $1,800, as they were sold by the executors of said Lizzie T. Hannah at public sale for that amount. (Paragraph 6.) Plaintiff's services for the nine years she waited on and cared for the said Lizzie T. Hannah were reasonably worth $1,800, which was the value of the said house and lot; for which amount she sues. The grounds of the demurrer are sufficiently indicated in the foregoing decision.

W. Y. Allen, Little, Powell, Smith & Goldstein, for plaintiff.

R. B. Blackburn, Redding & Lester, James R. Davis, for defendants.