## 24417. YOPP v. JOHNSON.

STEPHENS, J. 1. Where a tenant has not breached the contract of rental, but is entitled to possession of the rented premises, and this is known to the landlord, the act of the landlord in maliciously causing a warrant to issue to dispossess the tenant, and in thereby causing the tenant to be forcibly evicted from the premises, may not, because of the tenant's not resisting the proceedings because of inability to make bond, and there therefore being no termination of the proceedings favorable to the tenant, constitute a cause of action for a malicious use of legal process, it nevertheless constitutes a trespass by the landlord against the tenant's right of possession, for which the tenant has a cause of action in tort against the landlord. *Hall* v. *John Hancock Mutual Life Ins. Co.*, 50 *Ga. App.* 625 (179 S. E. 183).

2. Where a petition sets out a cause of action under any legal theory, it is good as against a general demurrer. *Hall* v. *John Hancock Mutual Life Ins. Co.*, supra.

3. While the petition in this case, which is a suit by a tenant against the landlord to recover damages for a malicious and forcible eviction of the plaintiff by the defendant under a warrant to dispossess, may, in alleging that the plaintiff had failed to resist the proceedings and that therefore the suit had not terminated favorably to the plaintiff, fail to set out a cause of action for a malicious use of process, the petition nevertheless, in alleging that the defendant had maliciously caused a warrant to issue to dispossess the plaintiff, and had thereby caused the plaintiff to be forcibly evicted from the premises, notwithstanding the plaintiff had not breached the contract of rental but was entitled to possession of the premises, alleges a cause of action for trespass by the defendant against the plaintiff's right of possession.

4. The court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Sutton, J., concurs.*

JENKINS, P. J., concurs specially, for the reason stated in *Hall* v. *John Hancock Mutual Life Ins. Co.*, supra.

### ON REHEARING.

The wrong complained of being a wilful and malicious tort, punitive damages for humiliation and embarrassment as a result of the alleged tortious act, are recoverable. *Dunn* v. *Western Union Telegraph Co.*, 2 *Ga. App.* 846 (59 S. E. 189); *American Security Co.* v. *Cook*, 49 *Ga. App.* 723 (176 S. E. 798); *Young* v. *Western & Atlantic Railroad*, 39 *Ga. App.* 761 (148 S. E. 414). *Smith* v. *Eubanks*, 72 *Ga.* 280, where the tenant filed a counter-affidavit to a warrant to dispossess, and subsequently voluntarily relinquished possession, although under protest, is distinguishable. Where it is alleged in the petition that the plaintiff, as a result of the alleged eviction, was thrown into a highly nervous condition and was greatly humiliated in the presence of friends, and by reason of this "humiliation and embarrassment" she was damaged in the amount of $3000, and she prays judgment therefor, the peti-

tion alleges and prays for damages legally recoverable. The judgment of reversal is adhered to.

DECIDED AUGUST 17, 1935.

ADHERED TO ON REHEARING, OCTOBER 4, 1935.

*R. A. McGraw, Atkinson & Allen,* for plaintiff.
*W. E. Smith, G. C. Thompson, J. F. Hatchett,* for defendant.