## 28092. JONES *v.* RICHMOND COUNTY.

DECIDED MARCH 6, 1940.

*Stevens & Stevens, T. R. Burnside,* for plaintiff.

*Isaac S. Peebles Jr., Lamar Murdaugh, D. C. Chalker,* for defendants.

FELTON, J. ■ The plaintiff owned a leasehold interest in real estate, which she claims was taken and damaged by the County of Richmond for public use. The petition as amended alleged the value of petitioner's interest in the small amount of land actually taken for the public improvement, and alleged $3000 consequential damage, without specifying what it was or how it arose. Paragraph 6 of the petition alleged that her property was rendered less valuable. The defendant demurred to this paragraph on the ground that it was too vague and indefinite to put the defendant on notice of what the plaintiff contended was a measure of damages. The petition as amended alleged $500 damages for the land actually taken, and $3000 as consequential damages, but did not allege what the consequential damages were or how the $3000 was arrived at. The amendment also was demurred to on the ground that, taken separately and in connection with the petition, it failed to specify by inference or otherwise the basis upon which the alleged damages sued for are arrived at by the plaintiff. The court sustained the general and special demurrers, and dismissed the action.

Regardless of other demurrers, the court properly sustained the demurrer going to the failure to allege the proper measure of damages, which is a defect subject to special demurrer only, if the petition otherwise sets forth a cause of action. *Atlantic Coast Line R. Co.* v. *Tifton Produce Co.,* 50 *Ga. App.* 614 (3) (170 S. E. 125). The petition in this case stated an improper measure of

damages as to the land actually taken, for the reason that only the owner of the fee can recover such damages. The petition failed to allege any measure of damages to which the plaintiff was entitled, except in generality under the term "consequential" damage. The correct measure of damages to one holding a leasehold interest in land for over five years is the diminution in the market value of the premises for rent for the remainder of the term of the lease; that is, from the time of the damage till the end of the lease. *Pause* v. *Atlanta,* 98 *Ga.* 92 (3) (26 S. E. 489, 58 Am. St. R. 290). The court did not err in sustaining the special demurrer and in dismissing the action. Code, § 81-304.

■ Where general and special demurrers are filed, and the petition is amended to meet the demurrers, and the defendant renews its original demurrers and files others to the petition as amended, it is not error for the court to dismiss the action on the special demurrers, without giving the plaintiff further opportunity to amend, especially when the court has plaintiff served with copies of the demurrers to the petition as amended before it rules on them, and where the judge certifies that "there was contemplated no further argument on the demurrer, as there had been a full and complete discussion of the law on the subject."

*Judgment affirmed. Sutton, J., concurs.*

STEPHENS, P. J., dissenting. Whether or not the petition was subject to demurrer as setting out the wrong measure of damages, the petition contained allegations showing that the plaintiff was damaged in an alleged amount, and otherwise set out a cause of action. It was a matter of proof upon the trial before a jury, as to the damage, if any, which the plaintiff had suffered. *Koch* v. *Adair,* 49 *Ga. App.* 824 (3) (176 S. E. 680); *Lancaster* v. *Monroe,* 45 *Ga. App.* 496, 499 (165 S. E. 502); *City Council of Augusta* v. *Lancaster,* 37 *Ga. App.* 418 (5) (140 S. E. 763); *Ford* v. *Fargason,* 120 *Ga.* 708 (48 S. E. 180); *Elwell* v. *Atlanta Gas-Light Co.,* 51 *Ga. App.* 919 (6) (181 S. E. 599); *Richmond Hosiery Mills* v. *Western Union Telegraph Co.,* 123 *Ga.* 216 (51 S. E. 290). I dissent from the affirmance of the judgment dismissing the plaintiff's action on the ground that the petition did not set out the proper measure of damages.