28897. CAYE & COMPANY *v.* MANNING.

DECIDED JULY 11, 1941.

*Charles W. Bergman,* for plaintiff in error.

*Lokey & Bowden,* contra.

BROYLES, C. J. Lawrence Manning sued W. C. Caye & Company to recover the sum of $493.20 which he alleged was due him as commissions under an oral contract entered into by him and the defendant. The demurrers, general and special, to the original petition, except paragraph 7 (a) of the special demurrer, were overruled. Paragraph 7 (a) attacked paragraph 11 of the petition, and the order sustaining that ground of the demurrer provided that the plaintiff could amend within ten days, and, upon his failure to amend, paragraph 11 "is stricken." Within the specified time an amendment to said paragraph was presented and allowed. The allowance of the amendment was objected to. The demurrers were renewed to the petition as amended and were overruled. To all of the above-stated rulings adverse to the defendant, exceptions pendente lite were filed and the rulings were assigned as error in the bill of exceptions. The answer denied the allegations of the petition, and set up as a further defense the statute of frauds. The jury returned a verdict in favor of the plaintiff for the full amount sued for. The motion for new trial was overruled, and that judgment is excepted to.

In our opinion the amended petition set out a cause of action, and none of the rulings upon the pleadings was harmful error. The authorities cited by the plaintiff in error are distinguished by their facts from this case. The evidence, while in conflict, authorized the jury to find the following facts: Both the plaintiff and the defendant were engaged in the business of selling heavy construction machinery. About November 5, 1939, they entered into an oral contract in which the defendant agreed that, if the plaintiff turned over to defendant a customer of plaintiff who desired to buy such machinery, and if plaintiff materially aided the defendant in making the sale, and if the sale of such machinery were made to

said customer by the defendant within a reasonable time, the defendant would pay to plaintiff a commission of six per cent. of the sale price of whatever machinery was sold to said customer. That W. C. Caye, agent of the defendant company, made the agreement for said company and that he was authorized so to do. That the plaintiff did turn over one of his customers to the defendant, and that within a reasonable time after the making of the agreement the defendant sold to the customer certain heavy construction machinery for the sum of $8220, and that the plaintiff materially aided the defendant in the consummation of the sale. The plaintiff demanded his commissions and the defendant refused to pay them. It is true that W. C. Caye testified that in making the alleged agreement he told Manning that it would remain with him (Caye) "as to whether he [Manning] was entitled to any commission on the sale or not." This testimony was in direct conflict with Manning's testimony, and that issue of fact was settled by the verdict.

The plaintiff in error, in its demurrer to the petition and in its motion for new trial, alleges that the agreement between the parties. was void for the reason that the contract involved the sale of goods in the amount of $50 or more and had not been reduced to writing.. Conceding, but not deciding, that the statute of frauds is here applicable, the contention is without merit. Code, § 20-401(7), provides as follows: "Any contract for the sale of goods, wares, and merchandise in existence, or not in esse, to the amount of $50 or more [must be in writing], unless the buyer shall accept part of the goods sold and actually receive the same, or give something in earnest to bind the bargain, or in part payment." The uncontradicted evidence shows that the buyer in this case had accepted and received all of the goods sold to him. See *Alford* v. *Davis,* 21 *Ga.. App.* 820 (2) (95 S. E. 313).

A ground of the motion for new trial excepts to the refusal of the court to grant a nonsuit. The ground can not be considered by this court. It has repeatedly been held by both of our appellate courts that an assignment of error on the refusal to grant a nonsuit will not be considered where the record shows that the case proceeded to a verdict and judgment for the plaintiff, and where the defendant's motion for new trial alleged that the verdict was without evidence to support it. Several of the grounds of the

motion for new trial complain of the admission of certain alleged irrelevant and hearsay evidence. In *South Ga. Ry. Co.* v. *Niles,* 131 *Ga.* 599 (3) (62 S. E. 1042), the court ruled as follows: "That certain testimony was admitted over the objection, duly urged, that the testimony was hearsay, will not require the granting of a new trial, it appearing that the evidence, though subject to the objection made, could not have affected the verdict rendered." Under this ruling and the facts of the instant case the admission of the alleged irrelevant and hearsay testimony does not require a new trial. The remaining special grounds of the motion fail to show any cause for a reversal of the judgment. The verdict was authorized by the evidence.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*