31307. MARTIN *v.* GURLEY.

DECIDED DECEMBER 18, 1946.

*Allen, Harris & Henson, Neely, Marshall & Greene, James C. Howard Jr.,* for plaintiff in error.

*John T. Dennis, Robert B. Blackburn,* contra.

PARKER, J. Mrs. Daisy L. Gurley sued J. Dan Martin for damages for personal injuries alleged to have been negligently inflicted upon her. On the trial she tendered an amendment to her petition, adding allegations "that this suit is brought to recover for pain and suffering, for lost earnings, for permanent impairment to labor and earn money." The defendant objected orally to the allowance of the amendment and moved to strike therefrom the words, "for lost earnings, for permanent impairment to labor and earn money," on the ground that the cause of action for lost earnings and for permanent impairment to labor and earn money was in the plaintiff's husband and not in the plaintiff herself. Although the

petition did not show that the plaintiff was a married woman living with her husband at the time she was injured, this seems to have been understood. The judge ruled that the demurrer should be in writing and recessed the court to enable the defendant to reduce it to writing. The defendant then demurred in writing as follows: "Comes now J. Dan Martin, the defendant in the above-stated case, and demurs to paragraph four of the amendment allowed and ordered filed the 6th day of February, 1946, and moves the court to strike from paragraph four of the said amendment the following words, to wit, 'for lost earnings, for permanent impairment to labor and earn money,' so that the paragraph 16 of the original petition shall remain as originally pleaded and the case continue for pain and suffering of the plaintiff alone." The court overruled the demurrer. The defendant excepted pendente lite to that ruling, and to the ruling of the court requiring the demurrer to be put in writing, and contends that both of these rulings were erroneous.

The case proceeded to trial and resulted in a verdict for the plaintiff. A motion for a new trial was duly made on the general grounds and amended by adding four special grounds, and the defendant assigns error on the overruling of that motion.

■ The court did not err in requiring the defendant to demur in writing. The objection of the defendant to a part of the amendment was not a motion, in the nature of a general demurrer, to dismiss the whole petition on the ground that it failed to set out a cause of action, but was a special demurrer addressed to particular allegations. "Grounds of special demurrer to a petition are not good unless set forth in writing and filed at the first term." *Calhoun* v. *Mosley,* 114 *Ga.* 641 (40 S. E. 714); *Industrial Life & Health Ins. Co.* v. *Warren,* 44 *Ga. App.* 357 (1) (161 S. E. 627); *Wood* v. *Wood,* 166 *Ga.* 519 (7) (143 S. E. 770). Furthermore, the written demurrer was wholly insufficient because it failed to point out any reason why the plaintiff could not recover for lost earnings and for permanent impairment to labor and earn money. "A special demurrer which is itself vague, uncertain, and indefinite, and does not specifically point out wherein the petition is defective, will not be considered by the court." *Central of Georgia Ry. Co.* v. *Hill,* 21 *Ga. App.* 231 (94 S. E. 50). It has been held many times that a demurrer, "being a critic, must itself be free from imperfection." This is particularly true of a special demur-

rer, which must point out clearly and specifically the alleged imperfection in the pleading attacked by it. It "must lay its finger, as it were, upon the very point." *Alford* v. *Davis,* 21 *Ga. App.* 820 (4a) (95 S. E. 313). The demurrer was properly overruled.

■ In answer to a question certified by this court to the Supreme Court in this case, it was held that: "The right of action for 'lost earnings' and for 'permanent impairment to labor and earn money' for a tort committed upon a wife living with her husband, who has neither expressly nor impliedly consented for the wife to engage in business and retain her earnings, is in the wife under the act approved March 4, 1943 (Ga. Laws 1943, p. 316, Code, Ann. Supp., § 53-512), in so far as 'lost earnings' may be shown to be derived from 'salary and wages.'" See *Martin* v. *Gurley,* 201 *Ga.* — (39 S. E. 2d, 878). In the body of that decision the Supreme Court said: "Since there is a distinction between 'earnings' and 'salary or wages,' it appears that a limitation was imposed by the act of 1943 on the wife's right of recovery for 'lost earnings,' where her husband had not consented for her to retain her earnings, to those earnings represented by 'salary or wages,'" and that "until the General Assembly provides otherwise, the wife's right of recovery for 'lost earnings' and 'permanent impairment to labor and earn money,' without her husband's consent for her earnings to be her separate property, by the act of 1943, includes only such lost earnings as are shown to be 'salary or wages.'" Under this ruling, the plaintiff was entitled to maintain the action for lost earnings and for permanent impairment to labor and earn money for a tort committed upon her, although it did not appear that her husband with whom she was living had consented for the wife to retain her earnings, in so far as such earnings may be shown to be derived from salary and wages. But the plaintiff could not recover for lost earnings derived from sources other than salary or wages, nor for permanent impairment to labor and earn money in a manner other than from salary or wages, where her husband had not consented for her to retain such earnings.

■ Special grounds 2 and 3 complain of the charge of the court on the subject of damages. Without setting out the excerpts from the charge alleged to be error, it is sufficient to say that the court did not limit or restrict the damages recoverable by the plaintiff to that portion of her future earnings attributable to wages and sal-

ary, but allowed the jury to fix the damages for diminished earning capacity for all purposes and without regard to whether such earnings were derived from salary or wages or in some other manner. Both the plaintiff and her husband testified that, before her injuries, she did her home work, her housekeeping, cooking and cleaning, and looked after the affairs of the house, and that she had not been able to do the same work in the home after she was hurt that she did before. As to the loss of the plaintiff's ability to perform these services, the right of action was in the husband, and the court should have so charged the jury. We think that, under the ruling of the Supreme Court in this case, the charges complained of were erroneous, and that this error requires a new trial.

■ The foregoing deals with the controlling questions in this case, and it is not necessary to pass upon special ground 1, complaining of the exclusion of certain evidence, as this ground relates to matters of proof which probably will not arise on the next trial.

This case was considered on rehearing and decided by the whole court, as provided by the act approved March 8, 1945, requiring that the full court pass upon any case in which there is a dissent.

*Judgment reversed. Broyles, C. J., Sutton, P. J., MacIntyre and Gardner, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. The excerpts from the charge of the court are not subject to the criticisms made. The evidence did not show any ability of the plaintiff to work or labor and earn money except as salary or wages, and the charge only authorized the plaintiff to recover lost earnings as disclosed by the evidence. The evidence did show that the plaintiff was incapacitated from housekeeping, cooking, and cleaning and looking after the affairs of the home, but the court's charge did not authorize the jury to find any amount for the plaintiff because of such incapacity. The question of the effect of irrelevant testimony can not be raised by an exception to a charge which does not authorize a recovery on the irrelevant evidence. The crux and intent of the exceptions to the charge, as shown by the assignments of error and original arguments, was that the act of 1943 "was not intended to authorize a wife to recover against a tort-feasor for loss of her services, but was only intended to prevent a husband from collecting the wages of his wife while she was working and earning money, except by the consent of such wife."