## 33652. RUTHERFORD *v.* UNDERWOOD.

DECIDED SEPTEMBER 12, 1951.

*D. W. Krasner, Saul Blau,* for plaintiff in error.
*Willingham, Gortatowsky & Morrison,* contra.

WORRILL, J. ■ The defendant demurred generally to the petition on the grounds that no cause of action was alleged either against Mrs. Rutherford or against both defendants; that no facts were alleged to support an action at law or equity; that it fails to charge the defendant Dorothy Rutherford with any obligation or responsibility other than being the wife of the other defendant; that the mere fact of marriage between the parties defendant is insufficient to place any legal obligation in the matter upon the defendant; and on the ground that the petition seeks to charge the defendant, Dorothy Rutherford, with a duty, obligation or responsibility merely because the animal was fed and sheltered at the home of the other defendant, Charles W. Rutherford.

The petition alleges that the defendant, Mrs. Dorothy Rutherford owned the dog in question; that it was fed and sheltered at the home where both of the defendants lived as man and wife; and that both defendants permitted the said dog to run at large on the streets of Fulton County, knowing that it had bitten two named children on two separate named dates and knowing that the said dog was a dangerous and vicious animal.

In this State a person who keeps a vicious and dangerous
■

animal, and who carelessly or negligently permits the same to run at large, is liable to one injured because of the vicious nature of the animal. Code, § 105-110. The allegations of the petition in this case are sufficient to charge the defendant Dorothy Rutherford with keeping a dog of the character referred to by the Code section and to charge her with knowledge of the dog's vicious and dangerous character, and as against a general demurrer were sufficient. *Greene* v. *Orr,* 75 *Ga. App.* 673(2) (44 S. E. 2d, 273).

■ The fourth, fifth, twelfth and thirteenth grounds of demurrer are as follows: "4. Said named defendant demurs to the petition as a whole on the ground that the same is too vague, general and indefinite, and is based on imagination, supposition and opinions. 5. Said defendant demurs to the petition as a whole on the ground that the same is duplicitous." "12. Said named defendant demurs to the petition on the ground that the same is a misjoinder of causes of action. 13. Said defendant demurs to said petition on the ground that said petition has a misjoinder of parties defendant.'

" 'A special demurrer which is itself vague, uncertain, and indefinite, and does not specifically point out wherein the petition is defective, will not be considered by the court.' *Central of Georgia Ry. Co.* v. *Hill,* 21 *Ga. App.* 231 (94 S. E. 50). It has been held many times that a demurrer 'being a critic, must itself be free from imperfection.' This is particularly true of a special demurrer, which must point out clearly and specifically the alleged imperfection in the pleading attacked by it. It 'must lay its finger, as it were, upon the very point.' *Alford* v. *Davis,* 21 *Ga. App.* 820 (4a) (95 S. E. 313)." *Martin* v. *Gurley,* 74 *Ga. App.* 642 (1), 643, 644 (40 S. E. 2d, 787).

We think that each of these four special demurrers is subject to the very criticism pointed out in the *Martin* case. These grounds of demurrer wholly fail to point out wherein or how the petition is vague, general or indefinite, or wherein or how it is based on imagination, supposition and opinion, or in what respects the petition is duplicitous, or why there is a misjoinder of causes of action and parties defendant. Under these circumstances the demurrers were subject to some of the very defects they sought to have remedied in the petition. Such demurrers

need not be considered by the trial court and will not be considered by this court.

*Judgment affirmed.* *Sutton, C.J., and Felton, J., concur.*