### 36447. BARTOW COUNTY v. DARNELL et al.

QUILLIAN, J. 1. In an action for damages to private property instituted under Article I, Section III, Paragraph I, of the State Constitution, and Code § 95-1710, allegations showing the nature of the cause, describing the property damaged, and relating the manner in which the property was damaged in the construction of a designated State highway, are proper and necessary to set forth the plaintiffs' case, hence are not subject to demurrer on the ground that they are irrelevant and immaterial to the cause alleged in the petition.

2. Averments that a fill was constructed adjacent to the plaintiffs' fertile field 60 feet high, 1379 feet long, with a 4-foot culvert at its base, resulting in water from 1¼ miles along the highway being cast in great quantities upon the field, inundating it and rendering it valueless, were directly pertinent facts and not subject to the criticism that they were conclusions of the pleader or irrelevant to the cause set out in the petition.

3. The allegation in a petition brought to recover damages under the constitutional provision and Code section referred to in headnote 1 that "as a result of the negligent construction of said highway, the value of plaintiffs' property has diminished in value not less than $5000, which amount plaintiffs have been injured and damaged," was not subject to demurrer on the ground that the damages claimed were appropriate solely

to an action sounding in tort or for the maintenance of a continuing nuisance and were not recoverable in an action of the nature instituted. The petition clearly showed that the damages sued for were such as could be recovered regardless of whether the defendant was prudent or negligent in the construction of the highway which resulted in damage to plaintiffs' property. The word "negligence" as used in the criticised phrase was harmless surplusage. *Perkerson* v. *Mayor &c. of Greenville,* 51 *Ga. App.* 240 (180 S. E. 22) ; *Habersham County* v. *Knight,* 63 *Ga. App.* 720 (12 S. E. 2d 129). Nor was the quoted allegation subject to demurrer on the ground that it was a conclusion alleged in the petition.

4. The petition showed the nature and extent of the damage done to plaintiffs' field.

5. Had the demurrer been predicated upon the failure of the petition to allege the correct measure of damages, a different question would have been presented. *Jones* v. *Richmond County,* 61 *Ga. App.* 857 (7 S. E. 2d 754).

6. Under the rules stated in the preceding headnotes there was no error in overruling the general and special demurrers which were directed against the petition.

7. A motion to purge directed only against the allegation that the plaintiffs' property was damaged in constructing the State highway and made on the ground that the averment attacked was irrelevant and immaterial was, under authority of *Calhoun* v. *Dooly County,* 65 *Ga. App.* 482 (15 S. E. 2d 816), properly overruled.

*Judgment affirmed. Nichols, J., concurs. Felton, C. J., concurs in the judgment.*

DECIDED JANUARY 24, 1957—REHEARING DENIED
FEBRUARY 22, 1957.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Lamar L. Murdaugh, Assistant Attorneys-General,* for plaintiff in error.

*Marion W. Corbitt,* contra.

ON MOTION FOR REHEARING.

In *Jones* v. *Richmond County,* 61 *Ga. App.* 857, supra, a ground of demurrer that a paragraph "was too vague and indefi-

nite to put the defendant on notice of what the plaintiff contended was a measure of damages," was sustained. However, it does not appear from the record in that case that the question of the sufficiency of the demurrer to raise the question as to whether the petition set forth the wrong measure of damages was raised or specially passed upon. This court in *Hoffman* v. *Louis L. Battey Post, etc., American Legion*, 74 *Ga. App.* 403 (39 S. E. 2d 889), followed the ancient and well recognized rule that a special demurrer must not only point out the defect in the pleading attacked but must also specially state the reason why such pleading is subject to the criticism made of it. In that case it was held (p. 414): "While under the state of the pleadings in this case it may be that the allegation as to the damages sought by reason of having paid the defendants' one-half of the budget expenses might have been subject to special demurrer—considered as such, the defendants' demurrer fails to fulfill this office. A special demurrer, being itself a critic, must be perfect and the party demurring 'must lay, as it were, his finger on the very point,' otherwise the demurrer will be overruled."

Authority for the holding is found in *Scott* v. *Central of Ga. Ry. Co.*, 18 *Ga. App.* 159 (88 S. E. 995), and in a host of other cases.