36818. JOHNSON *v.* AMERICAN SOUTHERN INSURANCE COMPANY.

CARLISLE, J. 1. "A demurrer, being a critic, must itself be free from imperfections. *Douglas &c. Ry. Co.* v. *Swindle,* 2 *Ga. App.* 550 (4) (59 S. E. 600)." *Manry* v. *Little,* 39 *Ga. App.* 681 (1) (148 S. E. 312). "This is particularly true of a special demurrer, which must point out clearly and specifically the alleged imperfection in the pleading attacked by it. It 'must lay its finger, as it were, upon the very point.' *Alford* v. *Davis,* 21 *Ga. App.* 820 (4a) (95 S. E. 313)." *Martin* v. *Gurley,* 74 *Ga. App.* 642, 643 (40 S. E. 2d 787). Accordingly, paragraph

2 of the defendant's demurrers which generally attacked the petition because it failed to attach a copy of the insurance policy sued on, or to set forth the substance of such a policy was without merit where the petition alleged that the policy sued on was not attached "for the reason that the original of said policy is in the possession of the defendant or its agent," and set forth the number of the policy, the name of the insured, the policy amount and effective date of the policy, its term, and the name of a party at interest to whom loss was payable, and the amount of the premium. *Riley* v. *Royal Arcanum*, 140 *Ga.* 178 (1) (78 S. E. 803). Under the general rules of law first above announced, this ground of demurrer was not sufficient to raise the question of whether or not the petition set forth sufficient reasons for not attaching a copy of the policy, or to require the plaintiff to set forth in more detail what appeared on the face of the policy since it did not specifically point out what additional facts it wished the court to require the plaintiff to allege other than merely that he "be required to plead whatever contract of insurance, if any he holds, in extenso showing the name of the agents and officers of this defendant who executed the same." Presumably if, as alleged in the petition, the defendant had possession of the policy itself, these latter facts were as readily, if not more readily, available to the defendant than to the plaintiff. The second ground of demurrer was without merit, and the trial court erred in sustaining it.

2. The petitioner alleged that no copy of the policy of insurance was attached because the original of said policy was in the possession of the defendant. He further alleged in paragraph 3 of the petition that the policy sued on was issued pursuant to an application therefor, a copy of which was attached as an exhibit. The defendant demurred specially to the allegations incorporating the copy of the application and moved to strike them on the ground that the exhibit was "not in fact a policy or contract of insurance or any other sort of contract, but merely an offer to purchase insurance from the defendant; and, accordingly, the allegations herein demurred to are at variance with said exhibit . . . and constitute a conclusion of the pleader." The plaintiff did not allege that the exhibit was a policy of insurance, and while it may have been unnecessary for him to attach the copy of the application as an exhibit to his petition, this ground of the special demurrer

did not raise that as an issue. Ground 3 of the demurrer was therefore improperly sustained.

3. The plaintiff's original petition failed to allege the policy period, or to allege by way of conclusion that the policy of insurance was in force and effect on the date the loss occurred. The defendant demurred specially attacking this deficiency. The plaintiff amended by alleging that the policy covered a period from 5 p.m., October 26, 1954, to 5 p.m., October 26, 1955, and that the loss occurred about 2 p.m., and before 5 p.m., on October 26, 1955, at a time when the policy was in full force and effect. The amendment cured this defect, and the trial court erred in sustaining the renewed special demurrer attacking these allegations of the petition.

4. The amended petition which alleged that the defendant insurance company was indebted to the plaintiff in the amount of $1,750 on account of loss and damage suffered by the plaintiff when a truck owned by him and insured by the defendant for loss by fire was destroyed by fire at a time when the policy of fire insurance was in full force and effect, stated a cause of action as against a general demurrer, and the trial court erred in sustaining the general demurrer and in dismissing the petition.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 27, 1957.

*John S. Averill, Jr., A. C. Felton, III,* for plaintiff in error.
*L. D. Burns, Jr., W. F. Blanks,* contra.

