38313, 38314.  UPSHAW *v.* O'BRYANT, by Next Friend (two cases).

*Smith, Swift, Currie, McGhee & Hancock, Warner S. Currie, James R. Dollar, Jr.,* for plaintiff in error.

*Bass, Burger, Kidd & Rich, Casper Rich,* contra.

38315.  UPSHAW *v.* O'BRYANT.

CARLISLE, Judge.  ■ The sole assignment of error in this case is to the overruling of the demurrers, both general and special.  However the plaintiff in error, in argument before this court, insists only on the ruling of the court in overruling four grounds of special demurrer.  Three of these demurrers attack allegations of the petition on the ground that they are

surplusage, prejudicial, irrelevant, immaterial, an attempt to plead evidence, redundant and contradictory to other matter in the pleadings. None of these grounds shows how or wherein the allegations demurred to were surplusage, prejudicial, irrelevant or immaterial or how they amounted to an attempt to plead evidence or why such allegations were prejudicial, immaterial and irrelevant or in what way such allegations were redundant, nor do they specify what other allegations of the plaintiff's petition they contradicted. A demurrer being a critic must itself be free from imperfection, and a special demurrer must, as it were, lay its finger upon the very point. *Martin* v. *Gurley*, 74 *Ga. App.* 642 (1) (40 S. E. 2d 787); *Central of Georgia Ry. Co.* v. *Sharpe*, 83 *Ga. App.* 12 (3), 22 (62 S. E. 2d 427). Accordingly, these grounds of special demurrer were wholly insufficient to present any question for decision, and the trial court did not err in overruling them.

2. The action was one brought by the plaintiff against two defendants who were alleged to have been racing their automobiles along the road which the plaintiff was traveling, and in the opposite direction to the plaintiff, both of said automobiles having, under the allegations, collided head-on with the plaintiff's automobile. Paragraph 12 of the petition thus demurred to alleged: "That as said vehicles passed the crest of said upgrade at the hereinabove mentioned speed, the brakes of each vehicle was immediately applied, but notwithstanding they continued on along Roberts Drive and slammed into and against the front end of plaintiff's vehicle with great force completely demolishing plaintiff's vehicle." One of the grounds of demurrer insisted on attacks this paragraph on the ground that it is redundant and contradictory for the reasons that said petition alleges in other paragraphs that the defendant was on his own, or right side of the road, and that the plaintiff was on his own, or right side of the road. This ground of demurrer is without merit, and the trial court did not err in overruling it.

*Judgment affirmed. Gardner, P. J., Townsend and Frankum, JJ., concur.*

DECIDED JUNE 6, 1960.

■■■

*Smith, Swift, Currie, McGhee & Hancock, Warner S. Currie, James R. Dollar, Jr.,* for plaintiff in error.
*Bass, Burger, Kidd & Rich, Casper Rich,* contra.