39492.   SHAEF CHEMICAL COMPANY, INC. v. COOK.

224

DECIDED JUNE 29, 1962.

*Findley, Shea, Friedman, Gannam, Head & Buchsbaum, Michael J. Gannam,* for plaintiff in error.

*Cowan, Zeigler, Downing & McAleer, Richard T. Cowan,* contra.

FELTON, Chief Judge. ■ The plaintiff alleged in the petition a contract with the defendant, under which the defendant agreed to provide termite control and inspection, and a breach of that contract by the defendant's refusal to control the termite damage within the contract period. These allegations, if proved, would suffice to establish the defendant's liability under the contract.

■ The plaintiff in error attempts in its brief to raise, for the first time, the matter of the lower court's jurisdiction over him. The petition designates the plaintiff in error company by name in only two places, to wit: in the caption and in the last paragraph before the prayer for process in the body of the petition, which paragraph says, "Your petitioner asserts that the bid of Wegener and Sons is a fair and just bid and further asserts that Shaef Chemical Company, Inc., through their contract with your petitioner, is liable to your petitioner in that amount." While it is true that this paragraph does not, in so many words, label Shaef Chemical Company, Inc. as the defendant, the company occupies the usual position of a party defendant in that it is alleged that the company is liable to the plaintiff in a stated amount through its contract with the plaintiff.

Although the caption is generally not considered a part of the petition in Georgia, this court has said that "there is nothing in the Georgia law which prohibits a plaintiff from making

a caption or title of a petition a part thereof by an appropriate allegation to that effect in the body of the petition," and that "the names of the parties to an action must appear either in the caption of the petition or in the body thereof, and when they appear in the caption it is not necessary to repeat the names in the body of the complaint, but they may subsequently be referred to merely as plaintiffs and defendants." *St. Louis Lightning Rod Co. v. Johnson,* 18 Ga. App. 190, 192 (89 SE 169). Although there was no specific allegation that the caption be made a part of the petition, the fact that the plaintiff in error was mentioned by name in the body of the petition, as well as in the caption, read in the context of the remainder of the petition, throughout which references were made to "the defendant company," added to the fact that the plaintiff in error was actually served with the petition, constitutes a sufficient naming of the party defendant to satisfy jurisdictional requirements.

*Code* § 81-503 provides: "If a defendant shall appear and plead to the merits, without pleading to the jurisdiction, and without excepting thereto, he shall thereby admit the jurisdiction of the court." Any jurisdictional defects which might have been raised by the defendant in the court below were thus waived by his appearance and pleading to the merits and his failure to attack the court's jurisdiction by a timely plea. See *Myers v. Pearce,* 102 Ga. App. 235 (115 SE2d 842).

■ None of the special demurrers was meritorious; therefore the court did not err in overruling them. Those demurrers complaining that the contract did not conform to the requirements of the Structural Pest Control Act and the State insurance laws and regulations, and that the petition was barred by the statute of frauds and the statute of limitation, were too indefinite to be considered. A special demurrer, being a critic, must itself be perfect, pointing out clearly and specifically the alleged imperfection in the pleading attacked by it, laying its finger, as it were, upon the very point. *Johnson v. American Southern Ins. Co.,* 96 Ga. App. 421 (1) (100 SE2d 590), and cases cited.

■ The assignment of error on the granting of the default judgment is meritorious. *Code Ann.* § 110-401 provides that

■

when any case has been in default for 15 days, the plaintiff is entitled to a default judgment without a jury trial " . . . unless the suit is one for unliquidated damages, whether ex contractu or ex delicto, in either of which events the plaintiff shall be required to introduce evidence and establish the amount of damages before a jury. . ." "A debt or demand is liquidated, when agreed on by the parties, or fixed as to the amount, by the operation of law." *Hargroves v. Cooke,* 15 Ga. 321; *Redmond & Co. v. Atlanta &c. R.,* 129 Ga. 133, 138 (58 SE 874). Since the amount of the plaintiff's claim was neither agreed on by the parties nor fixed by operation of law, it was an unliquidated demand, which, under *Code Ann.* § 110-401, cited above, must be tried before a jury. See *Wallis v. McMurray,* 91 Ga. App. 549 (86 SE2d 529); *Ben Hyman & Co. v. Solow,* 101 Ga. App. 249 (113 SE2d 489).

The court erred in granting the default judgment; therefore the case is remanded for a jury trial in accordance with this opinion.

*Judgment affirmed in part; reversed in part. Bell and Hall, JJ., concur.*