40480.   HUGHES v. JACKSON.

DECIDED JUNE 4, 1964.

*Walter W. Calhoun, Richard H. Monk, Jr.,* for plaintiffs in error.

*Dan E. McConaughey, Davis & Stringer, Thomas O. Davis,* contra.

BELL, Presiding Judge. ■ The redundant petition here sets forth a compromise agreement alleging duties arising under the agreement and its breach by the defendant. It is well settled by decisions of our appellate courts that compromise agreements are enforceable. *Hale v. Lipham,* 61 Ga. App. 191, 192, 193 (6 SE2d 115).

" 'A cause of action is made up of two elements; namely, a duty and a breach of it' (*Bell v. Fitz,* 84 Ga. App. 220, 223, 66 SE2d 108); and, 'Where a petition sets out a cause of action under any legal theory it is good as against general demurrer.' *Hall v. John Hancock Mutual Life Ins. Co.,* 50 Ga. App. 625 (2) (179 SE 183); *Yopp v. Johnson,* 51 Ga. App. 925 (2) (181 SE 596). As against a general demurrer, general allegations are sufficient. [*J. C. Pirkle Machinery Co. v. Lester,* 79 Ga. App. 512, 54 SE2d 298] *Morgan v. Limbaugh,* 75 Ga. App. 663 (44 SE2d 394)." *Clark County School District v. Madden,* 99 Ga. App. 670, 673 (110 SE2d 47).

"To be subject to a general demurrer, a petition must be utterly lifeless. If there is a spark of life in it, it is good against such a demurrer." *Medlock v. Aycock,* 16 Ga. App. 813 (1) (86 SE 455).

The trial judge did not err in overruling the defendant's general demurrer to the petition.

■ Special demurrers 2 and 3 attack the petition as a whole on the grounds that it is multifarious as it alleges different, distinct, irrelevant, and immaterial matters wholly unrelated to the subject matter of the suit and attempts to join them to set out a cause of action; and through this means the petition in its entirety attempts to set out different, separate and distinct causes of action.

Each of these demurrers is general in its charge and neither delineates any of the allegations of the petition which the demurrant considers different, distinct, irrelevant, immaterial or unrelated to the subject matter of the suit nor does either point out any of the allegations with which the defendant has no connection. Having held in Division 1 that the petition was not subject to general demurrer, it follows that not all of the allegations can be defective. These demurrers, addressed as they are to the petition as a whole necessarily embrace all of its averments in their attack.

If the demurrer makes the mistake of including in its attack averments of the petition that are not subject to the criticism made, it should be overruled because of its own imperfection. *McCombs v. Southern R. Co.,* 39 Ga. App. 716, 724 (148 SE 407).

The only cause of action asserted in the petition is for the breach of the compromise agreement.

The court properly overruled special demurrers numbered 2 and 3.

■ Demurrer numbered 11 raises two objections to paragraph 7 of the petition, one of which is so palpably deficient that we need not consider the other as the deficient ground in the special demurrer renders the whole demurrer imperfect. *Hopkins v. West Publishing Co.,* 106 Ga. App. 596, 603 (127 SE2d 849).

■ Special demurrers 9, 10, 12, 13, 14, 15, 16, 17 and 18 all in substance complain that one or the other of particular paragraphs

attacked, respectively, are in varying degrees vague, indefinite, uncertain, irrelevant, immaterial, not germane, unintelligible, garbled, not connected with the remainder of the petition and should be stricken. None of these demurrers particularizes or delineates sufficiently the precise legal nature of the complaints sought to be raised or points out adequately why the respective paragraphs should be stricken.

"It has been held many times that a demurrer, 'being a critic, must itself be free from imperfection.' This is particularly true of a special demurrer, which must point out clearly and specifically the alleged imperfection in the pleading attacked by it. It 'must lay its finger, as it were, upon the very point.' " *Martin v. Gurley*, 74 Ga. App. 642, 643 (40 SE2d 787).

"[A] special demurrer must not only point out the defect in the pleading attacked but must also specifically state the reason why such pleading is subject to the criticism made of it." *Bartow County v. Darnell*, 95 Ga. App. 193, 195 (97 SE2d 610).

The trial judge did not err in overruling these special demurrers.

■ Special demurrer numbered 7 is aimed at a portion of paragraph 5 that alleges, "John Hamilton was president and chief executive officer of said company," on the ground that this "allegation is irrelevant and immaterial in that the existence or non-existence of John Hamilton is wholly unconnected to the allegations of the petition and to the contract upon which the petition is apparently based." Whether paragraph 5 of the petition is irrelevant or not, the petition asserts that John Hamilton is a party to the compromise agreement on which the suit is based. Accordingly, the demurrer's reason through which it seeks to render the pleading subject to criticism is itself erroneous. This defect spoils the demurrer.

■ Special demurrers numbered 4, 5, 6 and 8 are all directed at certain specified parts of paragraph 5 of the petition on the ground that the matter demurred to is vague, indefinite and uncertain, and the demurrers each attempt to set out why the matter demurred to is subject to the complaint.

We readily concede that the allegations of paragraph 5 are altogether irrelevant and immaterial and on proper attack should

have been stricken as there is no apparent connection between the paragraph and the cause of action as alleged.

However, as previously stated, all of these special demurrers are based on the premise that the respective portions of paragraph 5 assailed are *vague, indefinite* and *uncertain* and for this reason *should be stricken.* Thus each of these special demurrers confuses the distinction between a special demurrer which seeks to eliminate *superfluous matter,* which is accomplished by its being sustained, and one which objects to allegations for *vagueness, uncertainty* and *indefiniteness* where the result of sustaining is nothing more than to require the plaintiff to make his statement clear, certain and definite by inserting the necessary matter. Ga. Practice and Procedure, p. 223, § 9-13. Thus, these special demurrers do not meet the standard of perfection required for their kind.

The trial court did not err in overruling these special demurrers.

*Judgment overruling the general demurrer and all special demurrers to plaintiff's petition is affirmed. Jordan and Eberhardt, JJ., concur.*