41823. GREENE v. SMITH.

ARGUED FEBRUARY 8, 1966—DECIDED MARCH 2, 1966—
REHEARING DENIED MARCH 15, 1966.

*Huie, Etheridge & Harland, Harry L. Cashin, Jr.,* for appellant.

*Kemp & Watson, John L. Watson, Jr.,* for appellee.

NICHOLS, Presiding Judge. ■ "It has been held many times that a demurrer, 'being a critic, must itself be free from imperfection.' This is particularly true of a special demurrer, which must point out clearly and specifically the alleged imperfection in the pleading attacked by it. It 'must lay its finger, as it were, upon the very point.' " *Martin v. Gurley,* 74 Ga. App. 642, 643 (40 SE2d 787). " '(A) special demurrer must not only point out

the defect in the pleading attacked but also must specifically state the reason why such pleading is subject to the criticism made of it.' *Bartow County v. Darnell,* 95 Ga. App. 193, 195 (97 SE2d 610)." *Hughes v. Jackson,* 109 Ga. App. 804, 807 (137 SE2d 487). The plaintiff's special demurrers attacked paragraphs of the defendant's answer as being "impertinent, immaterial, irrelevant and mere surplusage" but failed to point out any reason why such paragraphs were subject to such complaint. Therefore, the trial court did not err in overruling such demurrers.

■ The plaintiff does not complain of the judgment overruling his general demurrer to the answer, and thus, even assuming without deciding that the defendant failed to set forth an adequate defense to the plaintiff's petition, it is the law of the case that a finding for the defendant would be authorized if the allegations of his alleged defense were supported by competent evidence. See in this connection *Cloud v. Stewart,* 92 Ga. App. 247 (88 SE2d 323); *Atlantic C. L. R. Co. v. Clements,* 92 Ga. App. 451, 457 (88 SE2d 809), and citations.

The plaintiff testified that he was a stockholder, officer and director of the corporation that had issued the debentures referred to in the defendant's answer, that he owned other debentures in such corporation, that such corporation had been taken over by another corporation and under an arrangement with such corporation the interest on all outstanding debentures was being paid except those owned by the plaintiff. He also testified that the debentures were in his custody. Other evidence was adduced to show that a notation had been made on the company records that the plaintiff owned such debentures, and the defendant testified to the facts alleged in his answer. Accordingly, the judgment for the defendant was authorized by the evidence.

*Judgment affirmed. Hall and Deen, JJ., concur.*