41657, 41671. OGLETREE HATCHERY, INC. et al. v. JOHN W. ESHELMAN & SONS, INC.; and vice versa.

ARGUED JANUARY 10, 1966—DECIDED APRIL 25, 1966—
REHEARING DENIED MAY 27, 1966—

*Reed & Dunn, Robert J. Reed,* for appellant.

*E. D. Kenyon, Kenyon & Gunter, Howard Fowler,* for appellee.

BELL, Presiding Judge. ■ In its cross action seeking damages for loss of income in terms of gross income the corporate defendant obviously was not entitled to recover in addition the ordinary business expenses incurred to produce that income. Defendants alleged loss of corn was a business expense. To whatever extent the defendant failed to get the benefit of this corn because of the quality of the feed with which the corn was mixed, the loss is included in the alleged loss of income.

Excluding from consideration paragraph 16 of the cross action claiming illegal damages for loss of defendant's corn, the only remaining matter interposed by the corporate defendant in response to plaintiff's suit on account is defendant's claim in the amount of $63,902.69 for loss of anticipated income. Thus the plaintiff's right to recover the $202,649.92 in its suit upon open account stands undisputed in the pleadings except to the extent of $63,902.69 sought in the cross action. The corporate defendant admitted in its answer that it had received the amounts of the feed concentrate forming the basis of the suit and nowhere denied the correctness of the invoice prices of the amounts of concentrate received. Under these circumstances, the trial court was authorized to grant summary judgment on the pleadings alone. See *Dillard v. Brannan,* 217 Ga. 179 (3) (121 SE2d 768);

*Sanders v. Alpha Gamma Alumni Chapter*, 106 Ga. App. 137, 139 (126 SE2d 545); *Mingledorff v. Bell*, 107 Ga. App. 685 (1) (131 SE2d 118).

The trial court did not err in granting summary judgment for plaintiff for the amount sued for by plaintiff subject to the condition set forth in the court's order.

■ Plaintiff's special demurrer to paragraph 16 of the corporate defendant's cross action alleging damages for loss of the defendant's corn was defective. See Division 4, infra. Thus the court erred in sustaining this demurrer. However, although the ruling was erroneous it was harmless as the trial court excluded the illegal damages by correct and appropriate order on its grant of summary judgment.

■ In the third amendment to plaintiff's petition, plaintiff alleged matter seeking to recover against the individual defendants on the theory that they, by oral agreement with plaintiff, had assumed responsibility as guarantors for payment of the corporate defendant's indebtedness to plaintiff. We do not decide whether this matter, contained in paragraph 7 of the amendment, together with other allegations of the amended petition, was sufficient to state a cause of action against the individual defendants as guarantors. This question is not before this court. If defendants wished to question the sufficiency of the amended petition to state a cause of action for relief on this basis, they should have done so by general demurrer to the amended petition specifically directed to this theory and seeking to eliminate paragraph 7 of the amendment from plaintiff's pleadings.

Defendants' demurrers numbered 7 through 12 to this paragraph of the amendment, are special demurrers objecting to matters of form only. Each of them complains of the plaintiff's failure to allege additional facts and moves to strike the paragraph or some portion of it.

"It has been held many times that a demurrer, 'being a critic, must itself be free from imperfection.' This is particularly true of a special demurrer, which must point out clearly and specifically the alleged imperfection in the pleading attacked by it. It 'must lay its finger, as it were, upon the very point.'" *Martin v. Gurley*, 74 Ga. App. 642, 643 (40 SE2d 787); *Alford v. Davis,*

21 Ga. App. 820 (4a) (95 SE 313). A special demurrer which states merely that a portion of a pleading is defective because it fails to allege sufficient facts or fails to allege certain specified facts does not reach any defect in the pleading. *Busby v. Marshall,* 3 Ga. App. 764, 765 (60 SE 376); *Page v. Virginia-Carolina Chemical Co.,* 62 Ga. App. 727, 730 (9 SE2d 857). This is true because "A special demurrer must not only point out the defect in the pleading attacked but must also specifically state the reason why such pleading is subject to the criticism made of it." *Bartow County v. Darnell,* 95 Ga. App. 193, 195 (97 SE2d 610).

Moreover, each of these special demurrers confuses the distinction between a special demurrer which seeks to eliminate superfluous matter, the result of sustaining which is to strike the unnecessary matter, and one which objects to allegations for uncertainty and indefiniteness or which for some other reason seeks to have the plaintiff allege additional matter. The result of sustaining special demurrers of the latter function is simply to require the plaintiff to allege the additional matter. Ga. Procedure and Practice § 9-13, p. 223. Special demurrers which confuse this distinction do not meet the requisite standard of perfection. *Hughes v. Jackson,* 109 Ga. App. 804, 808 (137 SE2d 487).

The trial court erred in sustaining defendant's special demurrers numbered 7 through 12, attacking paragraph 7 of plaintiff's third amendment.

■ A special demurrer which merely points out a portion of a pleading and states that the pleading is irrelevant to any issue in the case and does not form any part of the basis for recovery, without pointing out how or why the pleading is irrelevant, is not sufficiently specific and presents nothing for consideration by the court. *Gay v. Healan,* 88 Ga. App. 533, 538 (77 SE2d 47); *Wright Contracting Co. v. Davis,* 90 Ga. App. 548, 552 (83 SE2d 232); *Dodd v. Slater,* 101 Ga. App. 358, 360 (114 SE2d 170).

The trial court did not err in overruling plaintiff's special demurrers numbers 1 and 3 to paragraph 5 of the corporate defendant's cross action.

*Judgment affirmed on the appeal. Judgment reversed on the*

*cross appeal for the reasons stated in Division 3 of the opinion. Jordan and Eberhardt, JJ., concur.*